[No. 10,089.]

## THE PEOPLE v. MILTON SHEPARDSON.

INDICTMENT AS PRINCIPAL AND ACCESSORY.—The Code has not changed the rule that an indictment may in one count charge the defendant as principal, and in another count charge him as an accessory.

CRIME OF ROBBERY.—A person who receives money obtained by robbery, with a knowledge of the manner in which it was obtained, cannot be convicted of the crime of robbery.

APPEAL from the County Court of Tehama County.

The defendant and William Fugit and Z. Calmeye were charged in one count of the indictment with the crime of highway robbery, and in another count they were charged as accessories. He demurred to the indictment, on the ground that it charged the same offense in more than one form. The demurrer was overruled.

On the 26th day of September, 1871, four men armed with rifles, stopped the stage which carried the express, at Cottonwood Hill, in the county of Shasta, and robbed Wells, Fargo & Co.'s treasure-boxes.

The testimony for the prosecution tended to show that there were five men concerned in the robbery, whose names were, Wm. Fugit, Z. Calmeye, John Grant, Wm. Cullen, and the defendant Shepardson. That the five arranged the plan to rob Wells, Fargo & Co.'s treasure-box on the stage, but that Shepardson, the defendant here, was in camp some miles distant when the robbery was committed, and waited

there until the other four had committed the robbery, when they joined him, and the money obtained by the robbery, about two hundred and eighty dollars, was equally divided, Shepardson receiving his share. The Court gave, among other charges to the jury, the following: "An accessory is he who stands by and aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised and encouraged the perpetration of a crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal, and punished accordingly. And the inquiry is, whether the proof that the prisoner was accessory to the crime before the fact is admissible under the indictment. If you believe from the circumstances and facts proved that the defendant assisted in planning the robbery, or received a portion of the money taken at the time, with the knowledge of how it was obtained, he is an accessory, and you should find him guilty as charged."

The defendant was convicted, and appealed.

The other facts are stated in the opinion.

*C. A. Garter,* for the Appellant.

*Attorney-General Love,* for The People.

By the COURT:

1. The indictment first charges the defendants as principals, and, in a second count, as accessories, or rather as principals in the second degree. We see no objection to the indictment on this ground, under section nine hundred and fifty-four of the Penal Code. We think that that section, while changing the phraseology, did not alter the substance of section two hundred and forty-one of the Criminal Practice Act, which it supplanted.

2. But the judgment against the defendant is erroneous, because of the fifteenth instruction, in which the jury were told that, if the prisoner received a portion of the money obtained by the robbery, with the knowledge how it had been obtained, then he might be convicted of the crime of robbery charged in the indictment.

Judgment reversed and cause remanded for a new trial.