CRUZ RICEN v. THE STATE.

No. 1062. Decided May 17, 1911.

Rehearing Denied June 23, 1911.

**1.—Assault to Murder—Continuance—Stenographer's Notes.**

Where defendant's application for a continuance did not allege any additional facts from those of the transcribed stenographer's notes on file—both the absent witnesses being in Mexico—there was no error in overruling the same. Following Arnwine v. State, 54 Texas Crim. Rep., 213; besides there was no diligence.

**2.—Same—Arrest Without Warrant—Resisting Arrest.**

Where, upon trial of assault to murder, the evidence showed that defendant fired upon an officer and pleaded justification, and the evidence further showed that he officer hearing pistol shots immediately started in that direction shortly thereafter, overtaking an express wagon in which defendant and others were riding, ordering them to halt, the defendant replying with a pistol shot, the officer was authorized to make the arrest without warrant under article 342 of the Penal Code, and the defendant was not justified in resisting arrest.

**3.—Same—Bill of Exceptions.**

Where a bill of exceptions was not taken to the cross-examination of defendant's wife, and it was not shown what the questions were or what was elicited, there was no error.

**4.—Same—Evidence—Intent.**

Upon trial of assault to murder there was no error in permitting the

State's witness to testify, that when he arrested defendant, a pistol was found in the wagon, and some cartridges fitting the pistol, containing soft-nose bullets which had been slipt and closed were also found there; and permitting the jury to see them.

**5.—Same—Charge of Court—Self-Defense.**

Where the evidence did not raise the issue of self-defense there was no error in the court's failure to charge thereon.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence sustained the conviction, there was no error.

Appeal from the District Court of Caldwell. Tried below before the Hon. L. W. Moore.

Appeal from a conviction of assault with intent to murder; penalty, fine years imprisonment in the penitentiary.

The opinion states the case.

*E. B. Coopwood,* for appellant.—On the question of arrest without warrant and self-defense: Owen v. State, 58 Texas Crim. Rep., 261; Miers v. State, 34 Texas Crim. Rep., 161; English v. State, id., 190; Cortez v. State, 44 Texas Crim. Rep., 169; Montgomery v. State, 43 Texas Crim. Rep., 304; Mundine v. State, 37 Texas Crim. 5; Glover v. State, 33 Texas Crim. Rep., 224.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of arrest without warrant: Hodges v. State, 6 Texas Crim. App., 615; Jacobs v. State, 28 Texas Crim. App., 79; Miller v. State, 32 Texas Crim. Rep., 319; Ex parte Sherwood, 29 Texas Crim. App., 334.

HARPER, JUDGE.—This is the second appeal in this case, the former being reported in 58 Texas Crim. Rep., 457. Upon again being placed upon trial, appellant was convicted of an assault to murder and his punishment assessed at five years confinement in the penitentiary.

The evidence in the case is so fully set forth in the opinion on the former appeal, we do not deem it necessary to recite it here. The court, in compliance with said opinion, submitted the issue of aggravated assault in a proper charge.

The first contention of appellant is that the court erred in overruling his application for a continuance. The court in approving the bill states this is the second application for a continuance on account of the absence of the same witnesses. That the two witnesses named had testified at the former trial of this case, and their testimony taken down by a stenographer, transcribed and was on file and accessible to defendant. Defendant alleged that both of said witnesses had gone to Mexico, the address of one he did not know. He asked for a continuance that he might take their deposi-

tions.  As they were beyond the jurisdiction of the court, upon a showing to that effect, under the decisions of this court, the testimony as taken down by the court stenographer was admissible on behalf of defendant.  As defendant did not allege any additional fact he expected to prove by them, there was no error in overruling the application.  Arnwine v. State, 54 Texas Crim. Rep., 213; Pratt v. State, 53 Texas Crim. Rep., 281, and cases cited in these opinions. In addition, the court in his qualification states no diligence was shown.

Appellant, in bills of exception Nos. 1, 2, 3, 6 and 8, raises the question of whether an officer, under the facts of this case, is authorized to make an arrest without warrant, and if not, then in that event the defendant, if he fired the shot at J. L. Lane, as alleged, was justified inasmuch as Lane was seeking to arrest him.  The evidence indicates that J. L. Lane, constable of precinct No. 1, attended a celebration at Bodeman's Hall, when he heard seven or eight pistol shots north on the road.  He immediately started in that direction, and was joined by Lloyd Blundell and Bine Ellison.  He overtook one hack and the occupants told him that the shooting was done by those in front of them.  He says when he got in fifteen or twenty steps of them he called on those in the express wagon to "halt," the reply being a pistol shot.  Under this state of facts, was an officer authorized to make an arrest without warrant?  We think so.  Article 342 of the Penal Code provides: "Any person violating any of the provisions of articles 338 and 340 may be arrested without warrant by any peace officer and carried before the nearest justice of the peace for trial; and any peace officer who shall fail or refuse to arrest such person on his own knowledge, or upon information from some credible person, shall be punished by fine not exceeding five hundred dollars."  When the officer heard someone down the road firing a pistol seven or eight times he knew that some person was violating article 338 of the Penal Code, and when those in the hack told him it was those persons in front of him, it became his duty to arrest the offending person.  In the case of Jacobs v. State, 28 Texas Crim. Rep., 79, it is held:

"Article 342 of the Penal Code, which is a special provision and not controlled by other statutes relating to arrests, expressly provides that a person violating the law by unlawfully carrying a pistol may be arrested by a peace officer without warrant, upon his knowledge or upon information of some credible person.  This statute must be construed to authorize a peace officer to arrest the offender without warrant upon information of a credible person, although the offender may be in a distant part of the county at the time of the information, and although the arrest may not be immediately made or attempted.  A charge of the court to this effect was not erroneous." See also Ex parte Sherwood, 29 Texas Crim. App., 334; Miller v. State, 32 Texas Crim. Rep., 319.  Many of the assignments of appel-

lant are based on the proposition that the arrest of appellant by Lane without warrant was illegal. Under our holding that it was the duty of Lane when he heard the pistol shots in the road, and upon being informed that the man who fired the shots was in the wagon in front, to arrest the person thus offending, these assignments present no error. The pistol was identified as belonging to defendant.

There are several grounds stated in the motion, such as "that the court erred in permitting the State to cross-examine defendant's wife on material matters not brought out by defendant" that are not supported by bills of exception, nor is it shown what the questions were, or what was elicited. In this state of the record we can not consider such assignments of error.

There was no error in permitting the witness Lane to testify that when he arrested defendant a pistol was found in the wagon, and twenty or twenty-five cartridges fitting this pistol were found on defendant's person, nor that the cartridges were "soft-nosed bullets, and that their nose had been split open and something put in them and closed again." Nor was there error in permitting the jury to see the cartridges. This might be material in determining whether defendant, if guilty, was guilty of an assault to murder or aggravated assault. The pistol, as testified to, showed to have been recently fired and had black powder all over the muzzle. If the shooting took place, as testified to by Lane, Ellison and Blundell, it was without justification, and no other witness testifies to any fact that took place at the time of the shooting. Whatever may have been the evidence when the case was tried before, we pass on this case under the evidence adduced on this trial, and there is no evidence suggesting that defendant acted in self-defense. There is no denial that he fired the shots testified to by Lane and the other witnesses, and no testimony that the shooting was done under other or different circumstances. The court did not err in failing to charge on self-defense nor in refusing the special charges requested presenting the issue of self-defense as the evidence raised no such issue. Peck v. State, 5 Texas Crim. App., 611; Foreman v. State, 33 Texas Crim. Rep., 272; Hastings v. State, 32 Texas Crim. Rep., 372.

There was no issue raised under the evidence on this trial other than, was defendant guilty of assault to murder or aggravated assault? The court gave the special charge requested by defendant on this feature of the case. The witnesses positively testify that defendant fired at Lane, when all he had done was to call on those in the wagon to "halt." In the record there is no denial, and the circumstances seem strongly to show, that he was the man who fired the seven or eight shots down the road, and if we are correct in the holding that Lane was authorized to make an arrest, no error is presented.

Affirmed.

*Affirmed.*

[Rehearing denied June 23, 1911.—Reporter.]