# FEBRUARY, 1914.

### Brandy Matthews v. The State.

No. 2725.   Decided February 4, 1914.

Rehearing denied February 25, 1914.

**1.—Murder—Manslaughter—Charge of Court—Rule Stated.**

Where, upon trial of murder, defendant was convicted of manslaughter, complaints of the charge of the court on murder in the first and second degree need not be considered, as they pass out of the case, and this even if the evidence showed that murder was not in the case.  Following Potts v. State, 56 Texas. Crim. Rep., 39.

**2.—Same—Charge of Court—General Objections.**

Where the objections to the court's charge on manslaughter and self-defense, etc., did not point out specifically the error therein complained of, they will not be considered on appeal.  Following Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1068; besides, the charge of the court was correct.

**3.—Same—Evidence—Res Gestae—Declarations of Deceased.**

Upon trial of murder there was no error in admitting testimony as to the declarations of the deceased that defendant had cut him and he did not know why, etc., a few minutes after the stabbing; this was res gestae.

**4.—Same—Evidence—Convict—Pardon—Harmless Error.**

Where it was shown that a witness had been convicted of felony and served a sentence thereunder, and had never been pardoned, and the objection was that a copy of the judgment and sentence was the best evidence, but this was not urged until the witness had made his answers thereto, defendant contending that he had no time to object, but made no motion to exclude such oral proof, the same, if error, was harmless.  Following Griffith v. State, 62 Texas Crim. Rep., 642, and other cases.

**5.—Same—Colloquy Between Counsel.**

Where a colloquy between counsel arose with reference to a witness, and defendant's attorney objected to a remark of the district attorney therein in the hearing of the jury and asked the court to instruct the jury not to consider it, to which the court replied that he did not consider it worth while, which is true, there was no reversible error.

**6.—Same—Jury and Jury Law—Verdict—Discretion of Court.**

The length of time that the trial judge shall require the jury to consider of their verdict before he discharges them is necessarily left to his discretion, and in the absence of abuse shown there is no reversible error.

Appeal from the District Court of Wharton.   Tried below before the Hon. Robt. G. Street.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Linn, Conger & Austin,* for appellant.—On question of court's charge

on manslaughter: Terrell v. State, 53 Texas Crim. Rep., 604, 111 S. W. Rep., 152; Honeywell v. State, 49 S. W. Rep., 586; Criager v. State, 88 S. W. Rep., 208; Taft v. State, 97 S. W. Rep., 494; Hext v. State, 90 S. W. Rep., 43; Grant v. State, 65 Texas Crim. Rep., 266, 143 S. W. Rep., 929.

On question of admitting res gestae statement of deceased: McNeal v. State, 43 S. W. Rep., 792; Stephens v. State, 20 Texas Crim. App., 255; Boothe v. State, 4 id., 202; Foster v. State, 8 id., 248; Castilla v. State, 31 Texas Crim. Rep., 145; Kinnard v. State, 35 id., 276.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Upon an indictment and trial for murder appellant was convicted of manslaughter and his punishment assessed at two years in the penitentiary.

The evidence was insufficient to raise the question of murder in the first degree. The court, in his charge, defined murder in the first degree, but in his charge on that subject expressly told the jury that the State did not prosecute for a higher offense than murder in the second degree and did not prosecute for murder in the first degree, that the definition he had given of murder in the first degree was given merely as a necessary introduction to and a part of the definition of murder in the second degree. Appellant, in his motion for a new trial, complains of this charge of the court, claiming that murder in the first degree was not called for, that it was unnecessary to define it in order to correctly define murder in the second degree, and it was error to charge at all on murder in the first degree. This is so well settled against appellant, we merely cite Potts v. State, 56 Texas Crim. Rep., 39, wherein this court said: "Serious complaint is made that the court erred in charging on the law and submitting the issue of murder in the first degree. We do not believe that murder in the first degree was raised by the evidence. Appellant, however, was acquitted of this grade of homicide. It is well settled by such an unbroken line of authorities as require no citation, that where on a charge for murder, appellant was acquitted of murder in the first degree, he can not complain either of the fact that such degree of murder was submitted, or of errors in respect thereto. This is the settled law of this State." . This would equally apply in this case to the submission of murder in the second degree and charge thereon.

In one ground of the motion for new trial appellant complains "because the court erred in his charge upon manslaughter in that said charge is erroneous, incomplete, does not correctly give the law of manslaughter." In another, "because the charge of the court upon self-defense is incomplete and erroneous and does not correctly give the law of self defense as applied to the case at bar, as is shown by defendant's bill of exception thereto." We quote these two grounds in full. In another ground appellant complains that a charge on manslaughter was not called for. The bill of exception on the subject is to this effect:

He objected to the charge of the court, "wherein he charged the definition of law on murder in the first degree, on murder in the second degree, manslaughter and self-defense . . . because it is violative of the rights of defendant and injurious and improper in this: First, that the same charges upon issues not raised under the evidence. Second, because the said charge as to murder in the first degree, as to murder in the second degree, as to manslaughter and as to self-defense is incomplete, improper and incorrect as propositions of law and hurtful to the rights of defendant." As was said in the Potts case, supra, quoted above, we say of these various objections, "it is well settled by such an unbroken line of authorities as to require no citation that where "only such general complaints of the charge are made that they point out no specific error and are too general to require any review by this court. "This is the settled law of this State." Byrd v. State, 69 Texas Crim. Rep., 35, 151 S. W. Rep., 1071, and cases therein cited. Besides this, we have carefully examined the charge of the court and have found no cause for complaint by appellant.

The uncontradicted evidence shows that appellant stabbed the deceased in a very vital part of the body with a pocketknife, the blade of which was two and one-half or three inches long, at night, just outside but near the store of Mr. Floyd; that the deceased left the scene of the fight between appellant and himself and at once went to Mr. Floyd in his store and called Mr. Floyd's attention to the wound, stating to him that appellant had cut him, and when asked what for, he said he did not know. Appellant has several bills of exceptions to the testimony of Mr. Floyd on this subject. It seems that appellant's objections were that because what the deceased so told Mr. Floyd was not at the very time appellant stabbed deceased, but that he left the scene and had gone into Mr. Floyd's store, claiming that the lapse of time, which couldn't have been exceeding, as the witness states, about two minutes after the stabbing, was so long that it was not res gestae. Clearly Mr. Floyd's testimony and that of Alphonse Davis that he heard the deceased at the time so tell Mr. Floyd, and the testimony of Mr. Floyd objected to, showing when and where he heard of the stabbing and where he heard it occurred, was all admissible, and was res gestae and without doubt admissible as such; and none of appellant's bills on the subject are well taken. See Branch's Crim. Law, sec. 339, where he cites a large number of cases.

By other bills and the motion for new trial, appellant complains that the court erred in not letting his witness Dick Jones testify. The record shows that the appellant introduced Jones as one of his witnesses. After stating his name and that he knew the appellant and the deceased, the district attorney asked him what he said his name was. He answered: "Dick Jones." The district attorney asked: "Have you ever been in the penitentiary?" The witness answered, "Yes; sir." The district attorney then asked him: "Have you ever been pardoned?" He said, "No, sir." The district attorney then objected to any testimony

by this witness because he was incompetent as a witness. The court sustained the objections and would not permit the witness to testify. It seems that after this action of the court, the appellant, as mere objections, complains that the questions by the district attorney and answers by the witness were had before he could make his objections and while he was attempting to do so, and then claimed that the best evidence of the conviction and lack of pardon was the judgment of the court and certificate from the Governor that no pardon had been granted. And that he also claimed that this merely went to the credibility of the witness and did not disqualify him.

The statute, article 788, Code Criminal Procedure, subdivision 3, expressly makes anyone convicted of a felony in this State, or any other jurisdiction, incompetent to testify at all. It is well settled in this State that the best evidence of a conviction is a copy of the judgment and sentence itself. It is as equally well settled that oral proof of it by the witness himself can be shown and is competent unless objections are timely made to the oral proof and the copy of the judgment itself is called for. The bills in this case, taken as a whole, show that this proof was made by the witness himself in this case before any objections were made. However, they also show that perhaps the proof was made so quickly that appellant did not have time or actually make his objections until after the proof was all in. They do not show that he offered the witness again; nor did he move to exclude the said oral proof. Upon the whole, we are inclined to believe that the court's action in not letting this witness testify was erroneous, but further that as the matter is presented it does not present such error as requires a reversal of this judgment. We think it is unquestionably shown that the said witness had been convicted of a felony and served the sentence therein and had never been pardoned. Appellant does not contest this, but practically concedes it. That being so the witness could not testify on another trial. He would be just as incompetent on the next as on this trial and if the district attorney was not then prepared with the judgment to have introduced and shown his conviction, he certainly could do so upon another trial. We therefore think that this does not present reversible error. Griffith v. State, 62 Texas Crim. Rep., 642; Carden v. State, 62 Texas Crim. Rep., 545; Jordan v. State, 65 Texas Crim. Rep., 143, 143 S. W. Rep., 623.

The record shows that after both sides closed their testimony the court announced in effect that the evidence did not raise self-defense and he would not charge the jury on that subject. Thereupon, appellant requested the court to permit him to withdraw his announcement and to introduce the appellant himself. The court permitted this and the appellant testified. After the conclusion of appellant's testimony a colloquy occurred between the district attorney and appellant's attorneys about a witness named Gene Wells. The district attorney contended that the witness had been in attendance upon court and that he had

talked to him before the trial began, and appellant's attorneys claimed that the witness had not been present, and that before they announced ready they considered the question of applying for a continuance because of the absence of this witness, but did not do so.

The bill shows several questions and statements by each side—the district attorney and the appellant's attorneys—and it then develops that appellant objected to a remark of the district attorney in the hearing of the jury and asked the court to instruct the jury not to consider it. The court replied, "The court does not consider it worth while to say anything about it." We agree with the court, and this bill presents no error and shows no injury whatever to appellant.

Appellant again complains of the action of the court in holding the jury together until they found a verdict. This bill shows that the jury were held by the court in consideration of their verdict from 4:30 p. m. on May 21st, till 10:30 a. m. on the 23rd, at which latter time they found a verdict. Under our statute and decisions the length of time that the judge shall require the jury to consider of its verdict before he discharges them, is necessarily left to the discretion of the court. The bill in this case does not show that the judge abused his discretion and no error is shown in that respect.

There being no reversible error shown the judgment will be affirmed.

*Affirmed.*

[Rehearing denied February 25, 1914.—Reporter.]