## TROY TAYLOR V. THE STATE.

No. 9642.   Delivered February 24, 1926.

Rehearing withdrawn December 22, 1926.

**1.—Manufacturing Intoxicating Liquor—Indictment—Held Sufficient.**

Where an indictment charges the appellant with the unlawful manufacture of intoxicating liquor, this is a sufficient description of the liquor alleged to have been manufactured.   Following Frickie v. State, 39 Tex. Crim. Rep. 254; Piper v. State, 53 Tex. Crim. Rep. 485; Tucker v. State, 94 Tex. Crim. Rep. 505.

**2.—Same—Evidence—Corroborative of Accomplice—Properly Admitted.**

Where, on a trial for manufacturing intoxicating liquor, an accomplice had testified that appellant and himself had made a quantity of whiskey and had secreted eleven gallons of same in a pasture, which was found, there was no error in permitting officers to testify that when they went to appellant's house, and as they entered same, appellant's wife broke two or three fruit jars, and the contents ran over the floor, and smelled like

whiskey and that they found three boxes of fruit and three 100-pound sacks of sugar in appellant's garage. This testimony was corroborative of the testimony of the accomplice and was properly admitted.

### 3.—Same—Requested Charges—Properly Refused.

There was no error in the refusal of the court to give appellant's requested charges instructing the jury to apply the test of exclusion in determining the sufficiency of the corroboration of the accomplice, and that the corroboration of the accomplice would not be sufficient unless in and of itself it showed appellant's guilt beyond a reasonable doubt.

#### ON REHEARING.

### 4.—Same—Motion for Rehearing Withdrawn.

On his written and sworn motion stating that he desires to withdraw his motion for rehearing heretofore filed by him, the request is granted, and appellant's motion for rehearing is withdrawn, and mandate ordered to issue on the original opinion.

Appeal from the District Court of Cottle County. Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Connie C. Renfro* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Cottle County for manufacturing intoxicating liquor, punishment fixed at one year in the penitentiary.

The indictment contained two counts, only the first being submitted to the jury. In same appellant was charged with the unlawful manufacture of intoxicating liquor. This was a sufficient description of the liquor alleged to be manufactured. Frickie v. State, 39 Tex. Crim. Rep. 254; Piper v. State, 53 Tex. Crim. Rep. 485; Tucker v. State, 94 Tex. Crim. Rep. 505.

An accomplice testified for the state to facts which, if true and believed by the jury, and sufficiently corroborated, justified conviction. The accomplice detailed the movements of himself and appellant, and the fact that they made a quantity of whiskey and hid eleven gallons of it in a pasture. This whiskey was found by officers. The alleged manufacture, as testified to by the accomplice, was shortly before the officers went to appellant's house. Officer Payne testified that on the date of their visit, October 26th, he and Mr. Patterson went to appellant's house

and as they entered same appellant's wife broke up some stuff which ran all over the floor,—broke two or three fruit jars. He said same smelled like whiskey. They also found among other things three boxes of fruit, one 50-pound box and two 25-pound boxes; also three 100-pound sacks of sugar. The fruit and sugar were in the garage.

The first three bills of exception in the record complain of the introduction of testimony regarding the above matters. In passing, we observe that it was in testimony that fruit and sugar were common ingredients in making mash for the purpose of making whiskey. We have examined and considered each of said bills and are not in accord with the contention that this testimony was inadmissible. Same was competent as showing the presence at appellant's house of a quantity of whiskey; also the raw material from which whiskey was made. We think same both corroborative of the accomplice and admissible as facts showing by circumstances appellant's guilt. That appellant was not immediately present at the house would not make said evidence inadmissible. No objection was offered upon the ground that the acts of appellant's wife so given in testimony made her a witness against her husband. Bills of exception Nos. 4 and 5 present the identical objection to substantially the same testimony as the above, elicited from witness Patterson.

We have examined the charge of the court and appellant's exceptions thereto, and do not think said exceptions possess merit or call for any discussion on our part.

Appellant's special charge No. 1, asking a peremptory instruction in his favor, was properly refused, as were his special charges Nos. 7 and 9, asking that the jury be told to apply the test of exclusion in determining the sufficiency of the corroboration of the accomplice; so also of special charges Nos. 4 and 8, asking that the jury be told that the corroboration would not be sufficient unless in and of itself it showed appellant's guilt beyond a reasonable doubt. Special charges Nos. 2, 3, 5 and 6, in so far as same were a correct statement of the law applicable, were covered by the main charge. Each sought to engraft slight variations upon the well settled, understood and established charges on accomplice testimony, and the corroboration thereof. We deem it better to follow the charges that have been often approved in the above regard.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON APPLICATION TO WITHDRAW MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant files in this court his written and sworn motion stating that he desires to withdraw his motion for rehearing heretofore filed by him, and asks that his appeal be dismissed. The request to withdraw his motion for rehearing is granted. Mandate will issue on original judgment of affirmance.

*Rehearing withdrawn.*