### ED WILKERSON V. THE STATE.

No. 11147.    Delivered November 16, 1927.

Rehearing denied January 4, 1928.

1.—Possessing Mash, Etc.—Charge of Court—On Circumstantial Evidence—Not Called For.

Where appellant was seen by officers at a still engaged and participating in the actual manufacture of whiskey, a charge on circumstantial evidence was not required. See Arzate v. State, 99 Tex. Crim. Rep. 534.

2.—Same—Flight of Accused—As Evidence of Guilt—Admissible.

There was no error in permitting officers to testify that when the appellant discovered them near the still, which was in operation, he ran and was pursued and caught by one of the officers. Flight is always provable as a circumstance of guilt. See Branch's P. C., p. 78, and authorities there cited.

#### ON REHEARING.

3.—Same—Charge of Court—On Circumstantial Evidence—Not Required.

Where appellant was seen at a still, which was in operation, and was observed to carry mash from a barrel in a bucket, and pour it into the still just prior to his arrest, and his identification was uncontradicted, this testimony established his personal possession of, and the exercise of care, control, and management of the mash, and a charge on circumstantial evidence was not required.

4.—Same—Charge of Court—On Defensive Theory—Held Proper.

Appellant's defensive theory that he discovered the still by accident, had no interest in it, nor owned the mash found, was correctly presented in the main charge of the court, together with the application of the law of reasonable doubt as to his defensive theory.

Appeal from the District Court of Panola County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for possessing mash for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Woolworth & Baker* of Carthage, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of mash for the manufacture of liquor capable of producing intoxication, penalty one year in the penitentiary.

The state's evidence shows that the officers of Panola County found in a woods pasture three barrels of mash and overheard at that time a conversation between appellant and one Gus Gibson to the effect that their stuff was not ready to cook that night but would be by Sunday or Monday night. This was about Saturday night or Sunday morning. The officers later returned on either Monday night or Tuesday night to this same place and Officer Gholson testified to what occurred there as follows:

"Yes, I went right up to where the fire and the still were, and I found the still and the mash in the still and the still in operation, fire under it and all. I found one gallon and three quarts of whiskey. Asked how much mash I found, I will say there had been three barrels and he had nearly one barrel in the still, made up, you might say, two barrels, except what had been delivered to the still. * * * This defendant here kept coming to the mash barrel and we could see him coming there with a bucket. He would begin dipping in the barrel and getting the mash and carrying it to the still. * * * I slipped on up closer to the mash barrel and as he come back after the other mash he run right up on us. Of course he was too close to us when he seen us to hide and we hollered at him and he throwed his bucket down and that is when we had the race. I ran him before I caught him about 150 or 200 yards. I caught him right down in the bed of the branch in the water."

The appellant denied carrying the mash to the still and denied dropping the bucket, but admits that he was there present and did run and was caught by the officers. The still and mash were not on the premises owned or controlled by appellant. He claims to have been at the place by accident, and to have been there only a few minutes and to have had no connection with or knowledge of the still and mash.

Appellant insists that the court should have charged upon circumstantial evidence. The quoted testimony and other testimony of like character makes it plain, we think, that appellant was in actual physical possession of mash of the character charged in the indictment. He was actually carrying it to the still and the still was in actual operation running out whiskey.

The inference of guilt of appellant does not rest upon any circumstance or set of circumstances and we do not believe that the court erred in failing to charge on circumstantial evidence. Arzate v. State, 99 Tex. Crim. Rep. 534.

It appears that the appellant fled when accosted by the officers. Flight is always provable as a circumstance of guilt. Upon cross-examination the state, referring to appellant's defensive theory that he did not own the still and was there present by accident, was asked why he did not stop and tell the officers that this outfit did not belong to him, and was required to answer that he did not then stop and tell the officers that the outfit was not his and that the reason he did not do so was because he did not want to be around there. Complaint is made of the admission of this testimony because his silence was admitted in evidence against him at a time when he was under no duty to speak. The evidence is but another way of stating that the defendant fled without saying anything. It was a circumstance attendant upon his flight which is always provable against appellant. Branch's Penal Code, p. 78, and authorities there cited.

"The movements, appearance and bearing of the accused and his behavior when charged with a crime or confronted with the consequences or with the scene or surroundings of the crime are always relevant." Underhill's Crim. Evidence, Paragraph 202.

We think the precipitate flight of appellant without saying anything was provable as a circumstance in rebuttal of his theory on the trial that his connection with and presence at the still and mash was altogether accidental and innocent.

We have examined the remaining bills of exception and finding no error in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant is dissatisfied with our holding against him in his contention that this is a case of circumstantial evidence. The facts have again been carefully reviewed. In addition to those stated in the original opinion, attention is called to the fact that the state witnesses testified that they saw appellant dipping mash out of a barrel and carry-

ing it to the still just prior to the time of his arrest. A witness testified that appellant kept coming with a bucket to the mash barrel and getting the mash and carrying it to the still. The identification of appellant was positive. The testimony as to his personal possession of, and the exercise of care, control and management of the mash, was positive. We see no reason for believing the case one of circumstantial evidence.

It is urged that we did not consider appellant's second and fourth bills of exception. Said bills complain of the charge of the court, asserting that the court should have told the jury that if they had a reasonable doubt of the fact that the person seen carrying the mash from the barrel to the still was appellant, they should acquit; and the further proposition that if the jury had a reasonable doubt of the fact that appellant was at another and different place they should acquit. That appellant was at the place is unquestioned. The officers arrested him there. The officers testified positively that appellant was the party seen by them carrying the mash. Appellant admitted being at the place where the still and mash were located, but claimed that he had just arrived, and had no connection with said articles. The court gave the jury an affirmative instruction upon this affirmative defense. He told them that if they believed appellant had nothing to do with said mash or still, was not exercising possession or control of said property, but was merely a bystander and had just happened up there on his way to Gus Gipson's place, then the jury should acquit, and if they had a reasonable doubt as to any one of said propositions, they should acquit him; and further, if they had a reasonable doubt as to defendant being at the place raided by the officers at said time, they should acquit. This seems to us to fully present the defense relied upon, and the motion for rehearing will be overruled.

*Overruled.*