M. B. READ v. THE STATE.

No. 13879.   Delivered January 7, 1931.
Reported in 34 S. W. (2d) 269.

The opinion states the case.

*McGaugh & Darroch* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, two years in the penitentiary.

We deem the evidence sufficient to justify the conclusion of guilt. Officers made affidavit for a search warrant, the affidavit containing the statement that each of the makers had been told by a party that a still was being operated in the house sought to be searched. The officers reached the house about night, and soon afterwards appellant appeared, in a car, got out, went to the door of the house, unlocked it and went in. The officers followed and found in the house a still operating and manufacturing whisky, and in the room was a quantity of manufactured whisky.

There are three bills of exception in the record. Bills 1 and 2 complain of the reception of the testimony of the two officers who conducted the search. Substantially the same objection appears in each bill. We are of opinion that the affidavit for the search warrant sufficiently disclosed the facts upon which the makers of the affidavit relied. We are also of opinion that the premises desired to be searched are described with sufficient particularity in the affidavit and the search warrant. The fact that the affidavit asserted the name of the owner of the premises upon which the whisky was being manufactured as Danie Whitt, and that the officers believed they were going to search the premises of Danie Whitt at the time they made the affidavit, would in no sense operate to the benefit of this appellant who did not testify or dispute the ownership of the premises in said Whitt. The question of his guilt, and the admissibility of testimony to support same, would depend upon whether the proof showed him to be the party in possession of such premises, and operating the still found therein, and en-

gaged in the manufacture of intoxicating liquor. Appellant told the officers when they found him at the premises and arrested him that his name was Bain.

The third bill of exception complains of the court's action in declining to grant an application for continuance. The application appears to be wholly lacking in diligence in so far as it was based on the absence of witnesses; and in so far as it was based upon the absence of an attorney claimed to have been employed by appellant to represent him,—the bill wholly fails to show sufficiently, first, that said attorney had been employed to represent appellant; second, that said attorney was kept away by circumstances beyond his control, and, third, that injury resulted.

The record shows that the attorney referred to was notified by counsel for the State of the setting of the case, and there is nothing in the record showing that he was ill or that he intended to come, or had made any effort to appear and represent appellant. The diligence to procure the presence of the witnesses referred to seems insufficient.

No error appearing, the judgment will be affirmed.

*Affirmed.*