BOB McPHERSON v. THE STATE.

No. 14491. Delivered November 13, 1931.

The opinion states the case.

*Williams & Williams,* of Mount Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

Officers went to appellant's house to execute civil process. They did not find appellant. One of them observed a path leading from appellant's house down to a branch, and in the path was a track which the witness described as a "big track". Officer Little followed this path some 300 yards to a branch. Just a little ways there was a fork in the branch, at which place two empty barrels were sitting. The officer followed the branch down to where he saw a smoke, and upon going a little further he said he could see a boiler steaming up and a man sitting down about four feet from the boiler. Little walked on up to within about twenty feet of appellant, watching him as he approached. He said that a whisky

still was there and in operation; that it consisted of a fifty or fifty-five gallon oil drum for a cooker, that there was a coil and thump keg, and a fire under the still which was making whisky and paying off into a bucket. He further testified that when he got within twenty geet of the still he stepped on a stick and made a noise. When he did so appellant raised up and said "Hugh", and when he saw who it was, right across the branch and up the hill he went. Witness said he shot four or five times; that he had known appellant for three or four years. Other officers testified to going with Mr. Little to the place, describing the trail and to seeing the still which was destroyed. This all occurred in the daytime. One of the officers who testified said he thought it was between 12 and 1 o'clock.

Appellant put on the stand his son-in-law and several other negroes who testified to an alibi, claiming that they saw appellant at various and sundry hours during that afternoon at the home of said son-in-law. The court submitted a proper charge on alibi, telling the jury that if they found defendant was at another and different place from that at which the offense was committed, or if the evidence raised in their minds a reasonable doubt that he was present at the time and place the offense was committed, they should acquit him. The court out of abundance of caution seems to have charged the jury on circumstantial evidence.

There is complaint of the refusal of two special charges, one asking a peremptory instruction of not guilty, and one presenting the defense of alibi. We think the refusal of neither presents any error. The evidence seems to amply support the conclusion of guilt.

The judgment will be affirmed.

*Affirmed.*