MURPH MOORE V. THE STATE.

No. 15208.   Delivered October 26, 1932.
Rehearing Denied November 23, 1932.
Reported in 54 S. W. (2d) 115.

The opinion states the case.

*Adams & McAlister*, of Nacogdoches, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for manufacturing intoxicating liquor; punishment, one year in the penitentiary.

A still was in operation out in the woods on a branch. When detected by officers, appellant was on his knees beside said still. He fled, but was overtaken and captured. The whisky running out of the coil was being caught in a glass jar, which was practically full. The still was located on land controlled by Simpson, who testified that he knew nothing of the presence of the still. Appellant took the witness stand and testified that he was going through the woods and came upon the still and was merely examining it. He denied running away from the officers. He also denied that he was on his knees beside the still at any time. He explained his presence in the neighborhood by saying he was going down to look at a plow, and that he saw the smoke of the still and went over to where it was. It is in testimony that appellant ordinarily used a walking stick, claimed by him to be necessary in aiding him to get about, resulting from an accident. He left his walking stick at the still when he ran away. The officers said he ran rapidly. Fresh dirt had been dug out from under the drum, and the knee prints, where appellant was kneeling when the officers came up, were in this fresh dirt, as was also the print of his hands. The still was a complete one with a fire burning under it. Mash barrels were near by. The evidence seems sufficient to justify the conclusion of the jury.

Appellant moved for a new trial upon the ground of newly discovered evidence. When the motion was presented the court heard evidence, which is brought forward in a separate statement of facts. We have carefully read the testimony in this statement, but are unable to find anything therein which appears of sufficient weight to justify us in a belief that if same had been before the jury, a different result would have obtained. Apparently the purpose of the evidence deemed newly discovered was to support the proposition that the still belonged to Joe Posche or his brother. The testimony in said statement of facts consisted largely of the denials by each and all of the witnesses of knowledge of any fact which might lead to the belief that either of the Posches owned the still. We think the motion for new trial properly refused.

The judgment will be affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Two officers, Spurgeon and Lambert, were looking for a still. Describing their efforts, Spurgeon said that he struck a trail and walked on a few steps when he observed the appellant, who was "hunkered" down, right around the fire. About that time the officers saw Moore raise up and run. Spurgeon followed the appellant for about fifty yards and shot several times in his direction and told him to stop. The appellant continued his flight. While fleeing from Spurgeon the appellant was intercepted by Lambert, the other officer. Moore, ordinarily, walked with a walking stick, but he left that at the still. Appellant was right down by the still, where the dirt had been dug out and where there was a fire under a thirty-five gallon drum. The appellant's knee prints were found in the loose dirt right by the still where the officer first saw him. The prints of the appellant's hands and knees were plain. The still was in operation and whisky was running out of it into a one-gallon glass jar, like something was being filled. Split wood was being used for the fire.

Lambert testified that after hunting in the locality for a still, he and Spurgeon separated. They were a short distance apart and came upon a still. The appellant jumped up and started through the woods and was pursued by the officers. He was captured after running about 150 or 200 yards. The testimony of Lambert is substantially the same as that of Spurgeon.

The appellant explained his presence in the locality with the statement that he had gone to Charley Moore's field to get a plow. The appellant's children were making a crop, but he was not. While looking for the plow he heard some one talking. He walked through the field and came out through the fence and ran upon the still. He saw it running but did not know what it was. He was standing there peeping out of the bushes, which were high, and it looked like he discovered somebody talking. He was just peeping and could not make out what it was. While he was looking at the still, a man commenced firing right behind the appellant and hit a tree over his head. He then took back up the trail and tried his best at running. Appellant disclaimed any ownership or previous knowledge of the still.

The sufficiency of the evidence to sustain the verdict is

challenged. The conflict of evidence was settled by the jury. The state's evidence, if believed, is deemed sufficient to support the verdict. From such evidence, the still was in operation. The appellant alone was present. Upon becoming aware of the presence of others he fled. Analogous cases are McPherson v. State, 119 Texas Crim. Rep., 293, 43 S. W. (2d) 944; Read v. State, 116 Texas Crim. Rep., 240, 34 S. W. (2d) 269; Taylor v. State, 105 Texas Crim. Rep., 465, 288 S. W., 1080. The flight of one suspected or charged with crime is uniformly recognized as a circumstance tending to support the theory of guilt. Many cases may be cited, among them, Wilkerson v. State, 108 Texas Crim. Rep., 384, 300 S. W., 942; Brown v. State, 121 Texas Crim. Rep., 528, 51 S. W. (2d) 616. The flight of the appellant, as described by the officers, was a circumstance tending to show guilt. See Underhill's Cr. Ev. (3rd Ed.), p. 282, sec. 203.

Upon the record before us, we are constrained to overrule the motion for rehearing, and it is so ordered.

*Overruled.*