## HARRY GORDON v. THE STATE.

No. 15144.   Delivered January 25, 1933.
Reported in 58 S. W. (2d) 520.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for the theft of turkeys; punishment, six months in the penitentiary.

This is a companion case to Warrick v. State (No. 15143) this day decided. Theft of two turkeys from Lightner near Coleman, Texas, on the night of February 23, 1931, was charged against appellant and three others. There being a severance, appellant alone was on trial. The facts show that two turkeys were stolen from Mr. Lightner on the night of February 23rd, which were found in possession of appellant and his companions in Abilene some sixty miles from Coleman at about 7 o'clock on the morning following. Appellant testified that he and his companions left Coleman about 6 o'clock on the morning of February 24th to go to Abilene, and about twenty miles out they met a Mexican, a stranger to them, from whom they bought nine grown turkeys and fourteen grown chickens for $8, and that when they got to Abilene they went to a poultry house to sell said turkeys and chickens. Edison, an employee at the poultry house, said they had the negroes who brought these turkeys, etc., to wait awhile; that the place did not open for business until 8 o'clock. While waiting, he testified, one of the negroes turned up the license plates on their car, and that two of the negroes ran out of the house; one of these, in the opinion of the witness, being this appellant. Appellant admitted while on the witness stand that during said day he left Abilene on foot to go back to Coleman, and was picked up by an officer some fifteen miles out from Abilene and brought on to Coleman.

Appellant asked a continuance. Diligence was not shown. The issuance of a subpoena in a companion case, returnable at a former term of said court, does not measure up to the requirements, when alone depended on. Bills of exception 2 and 3 call for no discussion. Bill No. 4 is not approved by the trial court. Bill No. 5 complains of testimony admitted to prove flight, the witness giving it as his opinion that appellant was one of two negroes who ran away from the poultry house. We think the testimony admissible.

The complaint appearing in bill of exception No. 6 was of the introduction of testimony which was a necessary part of the development of the case. It complained because the state was allowed to prove that one of the negroes turned up the number plates of their car while waiting at the poultry house.

We see no objection to proof by the state that appellant came back to Coleman with the officer on the day of his arrest, this appearing in bill of exception No. 7.

Bill of exception No. 8 sets out as part of its preliminary statement, that this appellant and his codefendant were indicted not only for theft of two turkeys from Lightner—for which he was on trial—but also in two other indictments for theft of turkeys from other parties which grew out of this same "transaction"; and that while a witness in his own behalf appellant was asked if he was not under indictment in two other felony cases. The bill shows that appellant objected on the ground that "all of these transactions grew out of one and the same alleged offense and transaction"—which objection being overruled and the question repeated, it appears that appellant answered that he did not know, but later said: "I guess there is." We do not regard this showing as meeting the burden imposed on the accused to make evident by the bill of exception that the other two indictments were for offenses growing out of the theft of the Lightner turkeys, or theft of other turkeys taken at the same time and place as the Lightner turkeys. Mr. Lightner's testimony practically forecloses any such contention against appellant. Indictments for the taking of other turkeys from some other owners at other places than that of Mr. Lightner, though on the same night and in the same community, would not support an objection, if made, that said indictments were for the same offense.

Bills of exception 9 to 15, inclusive, show no error, and seem not to call for discussion on our part.

The judgment of the trial court will be affirmed.

*Affirmed.*