## MONT BRIDGES V. THE STATE.

No. 18616.   Delivered December 2, 1936.
Rehearing January 13, 1937.

The opinion states the case.

*Carl Rountree, J. E. Garland,* and *J. H. Atwood,* all of Lamesa, for apellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder with malice, and his punishment was assessed at confinement in the state penitentiary for a term of twenty years.

This is the second appeal in this case. The opinion delivered by this court on the former appeal is reported in 83 S. W. (2d) 671, where the facts adduced on the former trial are fully set out. The facts proven at this trial are not materially different from those produced at the former trial except that on the first trial appellant did not testify, while on the second trial he testified that he did not kill Jay Donaldson; that he had nothing to do with it; that Tommie Spears, who died after the first trial and prior to the time of the second trial, committed the offense for which he, the appellant, was on trial; that he had never told the officers or anyone else that Spears killed Jay Donaldson until he took the witness stand in his own behalf. By bill of exception number one appellant complains of the action of the trial court in overruling his application for a continuance, based on the absence of Walter Rollins, by whom he expected to prove, if present, that he, the witness, was present at the time Donaldson was killed; that the defendant did not do the killing. The State contested the

application and offered a number of witnesses from Dawson and surrounding counties who testified that they knew of no such person; that although the officers had made a diligent search for him within the past few days, they had been unable to locate him. Appellant proved by his mother that at a preceding term of this court he introduced the witness, Walter Rollins, to her as his friend. He also proved by Will Luman that he, the witness, was a deputy sheriff and lived at Borger; that his daughter had married a brother of the defendant; that he knew Walter Rollins; that he was present when Rollins was served with process to appear in behalf of appellant as a witness; that he did not see Rollins in attendance at court at the preceding term, but that appellant's attorney, T. L. Price told him that he was present.

Mr. Price testified that he did not see Walter Rollins at court at the preceding term when this case was continued by the State.

Appellant at the time of the trial, while testifying in his own behalf on cross-examination, admitted that he did not know whether Walter Rollins was present at the time of the killing of Jay Donaldson; that he did not see him "no more than what he sent him word," but he did not state by whom he had sent word or what word he sent. It was shown that process was applied for by appellant's attorney in two cases then pending against the appellant, one being numbered 522 and the other 523 on the docket of said court; that the witness was served with process in cause number 522, but had never been served with process in 523; that the witness had at no time appeared in obedience to subpoena and had at no time claimed any witness fee.

Mrs. Spears, widow of Tommie Spears, deceased, testified that her husband died on the 12th day of August, 1934; that on the first day of July, 1934, at the time Jay Donaldson was killed they lived in Waco and that her husband was at home on said date; that he was not out in West Texas.

Under the foregoing state of facts we do not believe the court committed reversible error. The granting of a continuance rests within the discretion of the trial court and unless it is shown that the court abused his discretion to the prejudice of the appellant in denying a continuance, no reversible error is presented. It also appears from the record before us that appellant failed to exercise proper diligence to secure the attendance of said witness at the trial of this case. In the case of Gordon v. State, 122 Texas Crim. Rep., 523, 58 S. W. (2d)

520, this court held that the issuance of a subpoena in a companion case returnable at a former term does not show sufficient diligence on the part of the appellant to entitle him to a continuance.

Bill of exception number two has been examined by us and is deemed to be without merit.

Bill of exception number three shows that Mrs. M. E. Miller, who testified at the former trial in behalf of the State, was absent; that she had moved to Bentonville, Arkansas; that the district attorney a few days prior to the trial of this case had written a letter to her and forwarded it by registered mail advising her of the date set for the trial of this case—to which appellant objected on the ground that it was irrelevant and immaterial and had no bearing on the case. The court in his certificate to the bill states that the testimony was admitted for the purpose of laying a predicate for the introduction of her testimony given at the former trial of this case. We see no error in the matter complained of. See Sec. 76, Branch's Anno. Penal Code; Parker v. State, 18 Texas Crim. Rep., 72 (90); Connor v. State, 23 Texas Crim. Rep., 379.

Bill of exception number four shows that the court reporter was on the witness stand testifying, for the State, that he correctly took down the testimony of Mrs. M. E. Miller at a former trial and transcribed it—to which appellant objected because such testimony was an invasion of his constitutional right to be confronted with the witness. We see no error in the ruling of the court. Appellant was confronted by Mrs. M. E. Miller when she testified at the former trial. Hence there was no invasion of his constitutional right. See Arnwine v. State, 54 Texas Crim. Rep., 213; Ricen v. State, 63 Texas Crim. Rep., 89.

Bills of exception numbers five and six will be considered together as they relate to the admissions of like or similar testimony. Said bills reflect the following occurrence. After the defendant had testified that he had not told a single officer who shot and killed Jay Donaldson prior to the time that he took the witness stand because he had not been asked, the State offered G. H. Nelson, the district attorney, and W. F. Cato, the sheriff, as witnesses and proved by each of them that after the defendant was arrested for the offense for which he was on trial, they asked him who killed the deceased, Jay Donaldson. Appellant objected to this testimony because the defendant was under arrest at the time. The bills fail to show that the witnesses testified to any statement or declaration by

the defendant implicating him with the commission of the alleged offense, or that he remained silent. The testimony was nothing more than a statement of what the officer did. Hence it was not a violation of art. 727, C. C. P., 1925, prohibiting admission of oral confessions by the defendant while under arrest.

Bill of exception number seven reflects the following occurrence. At the hearing of the appellant's motion for a new trial the State proved by T. L. Price that he was one of the counsel for defendant from the beginning of the prosecution up to the day of the trial when he withdrew from the case; that at the preceding term of this court he did not see the witness Walter Rollins at court, nor did anyone tell him that the witness was present—to which appellant objected on the ground that it was compelling the witness to disclose confidential communications between himself and client. We do not so understand the testimony given by the witness. The attorney merely testified to facts within his knowledge which he gathered from personal observation and not to any communication between client and attorney. To be privileged the communication must pass between the client and his attorney in professional confidence and in the legitimate course of professional employment. See Jordan v. State, 143 S. W., 623, and cases there cited.

By bill of exception number eight appellant complains because the district attorney on cross-examination of the defendant propounded to him the following question and received the following reply: Q. "How many people have you murdered?" A. "None,"—to which appellant objected and which objection was sustained by the court and the jury instructed not to consider the same. Ordinarily such a question is improper, but in this case the appellant testified both on direct and cross-examination without objection that he had theretofore been indicted four different time for murder. Besides he answered the question objected to the in the negative. Hence the question complained of could not have prejudiced the minds of the jury against him any more than his own testimony. Moreover the court promptly sustained the objection and instructed the jury not to consider the same. This court has heretofore held that when evidence is admitted without objection which is similar or of like character to that objected to, no reversible error is presented. See Sparkman v. State, 82 S. W. (2d) 972; Enix v. State, 112 Texas Crim. Rep., 376; Rogers v. State, 80 S. W. (2d) 967. However, in view of the fact that appellant answered the question in the negative we do not believe that

under the holding of this court in the case of Fritts v. State, 42 S. W. (2d) 609 (612), reversible error is shown.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant in his motion for rehearing has directed our attention to the fact that in our original opinion we stated that the appellant was convicted of the offense of murder with malice and his punishment assessed at fifty years, when in truth and in fact, his punishment was assessed at twenty years. The motion is granted and the original opinion has been amended so as to read twenty years instead of fifty years.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.