CLARENCE HODGE V. THE STATE.

No. 20135. Delivered February 22, 1939.
Rehearing Denied April 12, 1939.

The opinion states the case.

*Sam T. Holt* and *Fred Witaker*, both of Carthage, and *David L. Tisinger*, of Austin, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Theft of cattle is the offense; punishment assessed is confinement in the penitentiary for a term of two years.

The record shows that Harvey Briggs and Earl Seeley, the owners of the alleged stolen cattle, were also the owners of a number of other cattle, some of which had been missing. On April 23, 1938, about eight P. M., after they had had a conversation with the sheriff, they drove and parked their car at a certain point a short distance from the highway. About two-thirty the next morning, they saw a car pulling a pick-up and drove out on the road to meet it. The driver of the other car speeded up, but Briggs and Seeley gave chase and finally overtook it. An examination of the contents of the pick-up revealed a cow and calf which was identified as belonging to them. Briggs testified that he did not give appellant or anyone else permission to take the cow and calf.

In response to an inquiry as to where he had obtained the cattle, appellant explained that they had been purchased from one, John Tom Elliott.

Appellant's wife testified that about one-thirty or two o'clock on the afternoon of April 22nd., John Tom Elliott came to her home and asked for her husband, stating that he wished to sell a cow and calf as his mother was in the hospital and he needed the money for her. Mrs. Martin, who worked for appellant's wife, testified to the same effect.

Appellant testified that he had been engaged in buying and selling cattle and hogs for about two months. That he purchased the animals in question from Elliott, who stated that he needed the money to give to his sick mother. He also testified that his partner, Eddie Lampkin, furnished the money with which to purchase the cow and calf. That about two-thirty A. M. they went to Elliott's home and loaded the animals into the pick-up

with Elliott's assistance. He stated that he inquired about a bill of sale, but Elliott said he would furnish the same after he had talked to his aunt about it.

John Tom Elliott denied selling any cattle to appellant at any time. He also denied having any conversation with either appellant or his wife with reference to such a sale.

Mrs. Jenny Elliott, who lived with John Tom, testified that if appellant or anyone else came to her house on the night in question and got some cattle, they did not wake her up.

By bill of exception number one, complaint is made of the remarks of the District Attorney in his closing argument to the jury, wherein he said: "That these men, Mr. Earl Seeley and Mr. Harvey Briggs, have for night after night, laid in wait for these cattle thieves." It is the contention of the appellant that the argument mentioned appealed to the prejudice of the jury and was an attempt on the part of counsel for the State to show, without testimony, that there were other cattle thieves who were operating together with the appellant.

The bill is qualified by the trial court with the statement that the witness, Earl Seeley, testified without objection that he and the witness, Harvey Briggs, stationed themselves out on Highway 8 in the night time, and further: "Oh, yes, I had been out there some nights prior to this time; quite a number of times. * * * We stayed there watching the road from about, I would say, around 9 o'clock until 2:30 in the morning."

According to the qualification, when the argument was objected to, the court orally instructed the jury not to consider it, and no written instruction was requested.

All of the argument complained of except the words "these cattle thieves" was based upon testimony. The references to appellant and Lampkin as cattle thieves, even if improper, could not have injuriously affected the rights of appellant inasmuch as he received the minimum punishment. See Tweedle v. State, 29 Tex. Crim. Rep., 586 (591); (16 S. W., 544); Borrer v. State, 83 Tex. Crim. Rep., 198; (204 S. W., 1003;) Pounds v. State, 89 Tex. Crim. Rep., 273; (230 S. W., 683;).

Bill number two complains of the testimony of Harvey Briggs, who on direct examination for the State, testified as follows: "Q. What mark was on these cattle?" (Referring to the cattle in question.) A. Swallow-fork in the right, under-slope in the left. That is on the cow. That said cow was marked, and I know the mark. I have have seen it before."

The witness, Earl Seeley testified to the following: "I and Harvey Briggs own other cattle in this same mark."

The testimony mentioned was objected to for the reason that it was an attempt, without introducing the record, to show that the mark on the cow in the truck was the mark of the prosecuting witnesses, Briggs and Seeley; that it was an attempt to show, by conclusion, the mark on the cow and not by the record.

If this should be held to be error, it was harmless error, inasmuch as the cow and calf had been definitely identified regardless of the mark by the owners as their cattle. Consequently no harm could have resulted to appellant from said evidence.

Bill number three complains of testimony elicited from Earl Seeley as follows:

"That at the time we were driving down the road, chasing said truck of Clarence Hodge, and at the time we met it, the truck immediately began to go faster, and to speed up, and we speeded up to overtake it, that the truck was going around 65 or 75 miles per hour."

"That as soon as we came close to the car, and along side of it, Harvey Briggs drew his gun, a pistol, and commanded the defendant to stop."

Appellant contends that the introduction of the testimony quoted was an attempt to show flight, and also an attempt to prove by a conclusion and supposition that the defendant resisted or was about to resist arrest; that there was no testimony offered or admitted save and except these conclusions.

It is a well-settled rule that flight after crime may be considered as tending to prove consciousness of guilt. See Brown v. State, 51 S. W. (2d), 616; Moore v. State, 54 S. W. (2d), 115; Gordon v. State, 58 S. W. (2d), 520, where it is said that "The State may prove the flight or attempted flight of defendant and the attendant circumstances." See also 18 Tex. Juris., p. 41, sec. 24.

All other matters complained of by appellant have been examined by us and are deemed to be without merit.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant in his motion again complains of the argument of the district attorney as set forth in his bill of exceptions No. 1, and contends that such remarks constitute reversible error. It occurs to us that such remarks were based upon legitimate testimony as set forth in the court's qualification, and were fairly deducible therefrom, and do not reflect an error of any serious nature.

The motion will be overruled.