# AUSTIN TERM, 1898.

THOMAS STREET v. THE STATE.

No. 1428.    Decided April 6, 1898.

1.  "Accessory"—Definition—Construction of Statute.

"An accessory is one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade arrest or trial or the execution of his sentence." Penal Code, art. 86. Held, in order to be guilty of this offense, the person charged must give some personal help to the offender in order that he may evade an arrest or trial for the offense committed.

2.  Same—Burglary—Receiver of Stolen Property.

A mere receiver of stolen property can not be convicted as an accessory to the theft thereof, or to its burglarious taking.

3.  Same—Indictment.

An indictment charging an accessory with an offense, to be sufficient, should charge that accused knew that a burglary had been committed by the party charged therewith, and set forth the act or acts done by him in aid of the principal offender; and not merely state the legal conclusion, that such party did aid, etc.

APPEAL from the District Court of Wilbarger. Tried below before Hon. G. A. BROWN.

Appeal from a conviction as accessory to burglary; penalty, two years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

*Frank P. McGhee,* for appellant.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted as accessory to the crime of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years, and he appeals.

The indictment contains three counts. In the third and last count, James Borthick and James Campbell were charged with burglary, with intent to commit theft; and said count charged that defendant, after the commission of said offense of burglary, for the purpose and in order that the said James Borthick and James Campbell might evade arrest and a trial for said offense committed by them, did unlawfully and willfully conceal and give aid to the said James Borthick and James Campbell, etc. The proof, which is in the shape of an agreed statement, admitted the burglary by Borthick and Campbell, and admitted, in connection with the burglarious entry, the theft of two sacks of flour. The only testimony in the statement which tends in anywise to connect the appellant

with the offense is that the two men who committed the burglary were staying at his house, and that a day or two after the burglary two sacks of flour, which had been stolen, were found in appellant's house—one of them in the cook room, which had been partly used, and the other concealed in the loft immediately over his bed—and when said sacks of flour were found in his house he was shown to have given a false account as to how they came there.   On this state of case, the court instructed the jury as follows: "Now, therefore, if you believe from the evidence that at or about the time of the commission of said offense of burglary by Campbell and Borthick, and before they were charged and arrested therefor, the defendant, Street, knew that said offense of burglary had been committed by the said Campbell and Borthick, and that, in order to aid and assist Campbell and Borthick in escaping an arrest and trial for the commission of said offense of burglary, he, the defendant, Street, in any manner assisted the said Campbell and Borthick in secreting and concealing the flour taken in connection with, and at the time of, the burglary, then this would constitute the defendant an accessory, as charged in the indictment; and in that event you will find him guilty, and assess his punishment at confinement in the penitentiary for two years."   Appellant excepted to this charge, and asked the following special charge, which was refused, and he also reserved an exception: "Be it remembered · that defendant asks the court to charge the jury that they must believe from the evidence that defendant, after knowing that James Campbell and James Borthick had burglarized the mill, concealed these two persons, or gave them aid of some kind or other, that they might evade arrest or a trial; and the word 'aid,' as used in the indictment, means some personal act of defendant, giving personal assistance to hinder the apprehension of James Campbell and James Borthick, and to delay or prevent a trial of these parties.   And the mere fact that the stolen goods, if any, taken by Campbell and Borthick from the mill, were, with defendant's knowledge, placed in a loft in defendant's house, out of view, will not make defendant an accessory."   It will be seen from this that the contention of the appellant is that the mere receiving of stolen property by a person, knowing it to have been stolen, will not make him an accessory to said offense.   The charge given by the learned judge appears to concede the fact that the mere receiving of stolen property from the thief, knowing it to have been stolen, would not make such receiver an accessory, unless the fact of receiving would be in some manner in aid of the party taking; that is, to aid such party in escaping an arrest and trial for the commission of said burglary.   But in the same connection he tells the jury that the secreting and concealing of flour would constitute such aid.   We would not be understood as holding that under certain circumstances the receiving of stolen property might not be an act in aid of the escape of a person who had committed a felony, or an evasion of his arrest or trial; but the bare fact that he received stolen property, knowing that the same had been stolen, would not constitute him an accessory.   Receiving stolen property is a substantive

offense, and is covered by our statute. See Penal Code, art. 878. An "accessory" is defined to be "one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence." See Penal Code, art. 86. We construe this to mean that, in order to be guilty of this offense, the person charged must give some personal help to the offender, in order that he may evade an arrest or trial for the offense committed. For instance, B., knowing that A. has committed a felony, and that the officers are in pursuit of him, furnishes him with a horse, to escape, or furnishes him money, or other means, to assist him in evading an arrest or trial. As stated above, in our opinion the proof only shows in this case that appellant received the flour, which had been burglariously taken, and concealed the same, and, under a proper indictment, could have been convicted of receiving stolen property. At any rate, the charge given was not a proper charge on the subject, and the charge asked should have been given. As far as we are advised, the authorities all hold that the mere receiver of stolen property can not be convicted as an accessory to the theft thereof, or to its burglarious taking, under statutes on the subject similar to our own. See Bish. Crim. Law, sec. 699; People v. Stakem, 40 Cal., 599; People v. Shepardson, 48 Cal., 189; Loyd v. State, 42 Ga., 221.

We would observe with regard to the indictment in this case, though the point is not raised, that the same is defective. There is an utter failure to charge that appellant had knowledge that the parties charged with the burglary had committed said offense. Our statute provides that an accessory is one who, knowing that an offense has been committed, conceals or aids the offender, etc. We would further suggest that in our opinion an indictment charging an accessory with an offense should set forth the act or acts done by him in aid of the principal offender, and not merely state the legal conclusion that such party did aid, etc. The indictment being defective, and not properly charging a defendant as an accessory to the burglary, the judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Hurt, Presiding Judge, absent.