### K. CUMMINGS v. THE STATE.

#### No. 5713. Decided March 24, 1920.

**1.—Burglary—Possession—Private Residence.**

Where, upon trial of burglary, it was shown that the alleged possession was by a discharged soldier who was occupying the house for a few days, sleeping therein at night, in the absence of his uncle and aunt who were the owners of the property, held that this was sufficiently a private residence to allege possession in him, following Dowling v. State, 63 Texas Crim. Rep., 366, and other cases.

**2.—Same—Evidence—Recent Possession—Principals—Charge of Court.**

Where, upon trial of burglary defendant made an explanation as to his possession of the property recently stolen from the burglarized house, and the State introduced a witness denying selling the property to the defendant, as he had testified, and all testimony of the witnesses both for the State and for the defense, denied their presence at the burglary and that they were acting together, the court's charge on principals of these parties was reversible error.

**3.—Same—Explanation of Recent Possession—Charge of Court.**

Where, upon trial of burglary the defendant claimed that he purchased the alleged property involved in the burglary, which fact was introduced by the State, the court should have charged under theory of purchase.

**4.—Same——Evidence—Identification.**

Where, the alleged stolen goods upon the trial of burglary were fully identified as those taken from the house at the time of the burglary, there was no error in introducing evidence to the effect that when this property was found in the absence of the defendant, it was then identified.

**5.—Same—Daytime Burglary—Indictment.**

Where, upon trial of burglary the indictment charged a daytime burglary and the burglary of a private residence, and the evidence showed that it was the latter offense under which the defendant should have been prosecuted, the count of a daytime burglary should have been withdrawn.

**6.——Same—Accomplice—Charge of Court.**

Where, upon trial of burglary it developed that one of the State's witnesses was the receiver of the alleged stolen property, a charge of the court on accomplice's testimony should have been submitted.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of burglary of a private residence in the night-time; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lester, Farmer & Farmer,* for the appellant.—On question of charge on principals: Bennett v. State, 64 S. W. Rep., 254; Arismendis v. State, 54 id., 599; Bird v. State, 87 id., 146; Armstead v. State, 87 id., 824.

*Alvin M. Owsley,* Assistant Attorney General for the State.—On question of identity of property: Davis v. State, 55 Texas Crim. Rep., 495, and cases cited in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary and allotted two years in the penitentiary.

Possession of the burglarized house was alleged to be in Aubrey Evans. This possession is attacked by appellant as being insufficient in law. Evans was a discharged soldier and was occupying the house for a few days, sleeping in it at night during the absence of his uncle and aunt, owners of the property. We are of opinion that under the authorities this was sufficiently his private residence to allege such possession, in a burglary of a private residence. We deem it unnecessary to discuss this matter at length. The question has been many times before the court. See Holland v. State, 45 Texas Crim. Rep., 172; Lewis v. State, 54 Texas Crim. Rep., 636; Johnson v. State, 52 Texas Crim. Rep., 201; Dowling v. State, 63 Texas Crim. Rep., 366; Payne v. State, 67 Texas Crim. Rep., 161; 148 S. W. Rep., 694. There was no question of the fact that the house was the private residence of the uncle of Evans, and that he and his wife, owners,

were absent, and that Evans was sleeping in the house and keeping it as his sleeping apartment during their absence.

To meet appellant's account of his possession of the shoes he sold his father, the State used Stallard as a witness. He denied selling the shoes to appellant, and testified himself, as did his father, that he was at home on the night of the burglary in bed sick with pneumonia, and had been for some time previous to the burglary and for some time thereafter. This testimony was used to combat appellant's explanation of his possession of the stolen property, which explanation was introduced by the State. This explanation was intended, and would have had the effect if true, to exonerate appellant. The State had introduced appellant's account of his possession of the property as having been received from Stallard. Stallard and his father were, therefore, used to disprove this statement by proving an *alibi* for the younger Stallard on the night of the burglary. The State's theory was that appellant and not Stallard committed the burglary, and to show this introduced Stallard and other witnesses. The only evidence, as we understand this record, that could have been relied on to sustain the charge on principals was that appellant was in possession of a pair of shoes which he claims to have bought from Stallard, and a week, or some days after the burglary Stallard disposed of property also taken from the house. His explanation of his possession of the property, the evidence of his *alibi*, and the facts that show he was not present at the time of the burglary and could not have been, do not constitute Stallard a principal. Appellant denies his presence at the burglary, therefore the defensive theory was that he was not acting with Stallard. He was showing his innocence and indirectly seeking to establish the guilt of Stallard by his statement and his testimony that he received the shoes from Stallard. Stallard proved an *alibi* by himself and others on the night of the burglary, the facts having been sufficiently stated in this connection, and, therefore, he was not at the place of the burglary nor a participant in the crime. So far as the writer has been able to understand this record there is no evidence connecting Stallard with the burglary except appellant's statements and Stallard's testimony that something like a week after the burglary appellant brought him some of the stolen goods, which he sold for appellant, but this testimony does not connect him with the original taking of the goods and burglary. All this testimony was introduced to show that he was not only not acting with Stallard, nor Stallard with him, but it disconnected them at the time of the burglary. There is no fact to show a previous conspiracy between these parties to commit this burglary, but all the evidence seems to disprove such theory. We are, therefore, of opinion that the exception to the charge on principals was well taken and the court was in error in giving this phase of the law in charge to the jury.

This emphasizes another error urged to the charge, to-wit: the failure of the court to charge appellant's theory of purchase of the

goods from Stallard. This was his explanation of possession and introduced by the State. This was strenghtened by his own evidence before the jury to the same effect, that is, that he bought the shoes and did not commit the burglary. If he purchased the goods from Stallard, he would not be guilty as a principal. In order to constitute him guilty of burglary he would have to be one of the parties who was connected with the entry in the house, either by actual entry or as a principal within the terms of the statute. But in any event, the purchase of the goods in such manner as to disconnect him from the burglary was his theory, and to this effect was his explanation of possession as well as his testimony. The court should have charged upon the theory of purchase.

The State introduced evidence to the effect that when the shoes were found, in the absence of the appellant they were identified as the property of the aunt of Evans and as shoes taken from the house on the night of the burglary. Ordinarily this character of testimony is inadmissible. Cannada v. State, 29 Texas Crim. App., 537; Cannada v. State, 24 S. W. Rep., 514; Thompson v. State, 42 Texas Crim. Rep., 142; Ballow v. State, 42 Texas Crim. Rep., 266; also in Green v. State, 56 Texas Crim. Rep., 601, and in Hickey v. State, 45 Texas Crim. Rep., 302. However, in this particular case this was not reversible error. These shoes were fully identified on the trial as being those of the aunt of Evans and the shoes taken from the house at the time of the burglary. See House v. State, 19 Texas Crim. App., 227. Had the identification of the goods been only that testified by the officers, excluding identification on the trial, this would have constituted reversible error. So where the only identification of the goods occurs in the absence of defendant and is not shown upon the trial, it is reversible error as held in Cannada's case and those above mentioned.

Exception was reserved to the charge also for not withdrawing from the consideration of the jury the first count which charged a daylight breaking of a private residence. Upon another trial we are of opinion this count should not be submitted. The house was burglarized at night, if at all by defendant, and not in the day-time.

We are of opinion that the court was not in error in submitting the issue of Stallard being an accomplice when used as a witness. If he received the goods from appellant believing they were stolen, or having reason to believe they were stolen, this would constitute him a receiver of stolen property, and, therefore, an accomplice when used as a witness.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*