JOHN CHANDLER v. THE STATE.

No. 6263. Decided May 11, 1921.

1.—Intoxicating Liquors—Possession—Accomplice—Purchaser—Sale — Possession.

Where the State contended that. upon trial for unlawful possession of intoxicating liquor, such possession is complete and severable from the sale and that therefore the purchaser of such liquor is not. in law, an accomplice to the fact of possession, and that a conviction resting upon the uncorroborated testimony of a purchaser may, therefore, be legally sustained, such contention is not tenable.

2.—Same—Accomplice—Definition—Statute Construed.

The proposition that the word "accomplice" as used in Article 801, C. C. P., is used in a different sense from the technical meaning given to the word "accomplice" in Article 79 P. C., and that as used referring to one who is a witness, or to the evidence of such person. it includes principals and accessories and all persons who are *particeps criminis*, is well settled.

Appeal from the District Court of Kaufman. Tried below before the Honorable Joel R. Bond.

Appeal from a conviction of unlawful possession of intoxicating liquors; penalty, imprisonment for one year in the penitentiary.

The opinion states the case.

*Wynne & Wynne,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.—Cited Ingram v. State, 78 Texas Crim. Rep., 559.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Kaufman County of having in his possession intoxicating liquor, not for medicinal, mechanical, scientific or sacramental purposes,

and his punishment fixed at confinement in the penitentiary for a period of one year.

The conviction rested upon the testimony of two witnesses who bought liquor from the appellant in Kaufman County at or about the time alleged in the indictment, and the testimony of a man who helped appellant make and manufacture whisky about that time. Appellant contends that the judgment is without support because based entirely upon the uncorroborated testimony of accomplices. It is well settled that under the provisions of what is known as the Dean law forbidding the manufacture, possession, sale, etc., of intoxicating liquor, Acts Second Called Session, Thirty-sixth Legislature, p. 228, that the purchaser of intoxicating liquor is an accomplice to the sale. It is insisted, however, in this case by the State, that inasmuch as the possession of such liquor is complete and severable from its sale, that, therefore. the purchaser of such liquor is not in law an accomplice to the fact of possession, and that a conviction resting upon the uncorroborated testimony of a purchaser may, therefore, be legally sustained. We regret that we cannot agree with this contention of the State. Without discussing the proposition that a conviction cannot be sustained when had upon the uncorroborated testimony of an accomplice, or any number of accomplices, we refer to pages 732, et seq., Vernon's C. C. P., and observe that authorities almost without number are cited in support of the proposition that the word "accomplice" as used in Article 801 of said Code of Criminal Procedure, is used in a different sense from the technical meaning given to the word "accomplice" in Article 79 of the Penal Code, and that as used, referring to one who is a witness, or to the evidence of such person, it includes principals and accessories, and all persons who are *particeps criminis.* It means a person who either as principal engaged in the actual commission of the offense, or who prior to the actual commission of the offense does those acts which would make him an accomplice, or to a person who, after the actual commission of an offense, is so connected therewith as to make him an accessory. So that in an evidential sense, the expression accomplice includes all persons who are connected with the crime by unlawful act or omission, transpiring either before, at the time of, or after the commission of the offense, whether such person be participating in the actual commission of the offense or not. We do not need to review these authorities to show their application to the instant case. It would not be necessary to argue that if one who came upon the scene where a murder had just been committed, after the death of the injured party, and who connected himself with the transaction in a guilty manner by assisting in the flight or escape of the murderer, would be an accomplice to the crime, and that his testimony would need to be corroborated before a conviction could be sustained. In the instant case the entire connection of the purchasers with said intoxicating liquor was one which is made penal under our statute, and we are unable to escape the conclusion that they were accomplices within the

meaning of our law.  It is well settled that one who receives or conceals property theretofore stolen by another, knowing it to have been so acquired, is an accomplice, though the offense of the taker is complete before the guilty connection of the receiver begins.  We do not think the proposition needs further argument.  See Art. 801, Vernon's C. C. P., and authorities collated thereunder.

For the reason that the judgment in this case is supported only by the uncorroborated testimony of accomplices, it must be reversed and remanded, and it is so ordered.

*Reversed and remanded.*