## GUS SMITH v. THE STATE.

No. 21231. Delivered November 20, 1940.

The opinion states the case.

*S. M. Adams* and *R. A. McAlister*, both of Nacogdoches, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Under an indictment charging felony theft appellant was convicted of stealing property under the value of fifty dollars, and his punishment was assessed at a fine of twenty-five dollars and thirty days in the county jail.

The property alleged to have been stolen were two auto truck wheels and two auto truck tires mounted on the wheels. They were taken on the night of September 16, 1939, off a truck belonging to Mr. Sitton, which truck was parked for the night at a place not far from the place of business where the witness Lige Holbrook worked. This witness testified that about three o'clock at night on the date named one Slim Versher came to witness' place of business and asked permission to use the telephone, and called a taxi. Another party was with Versher whom witness did not know. Ollie Thrash responded to the call for a taxi and picked up Versher and appellant. He hauled them to various places and was directed by Versher to stop near the railroad. He and appellant both got out and in about two minutes returned with the wheels and tires and rolled them in the cab. Witness says he inquired if they had stolen them and was told that they were not stolen stuff. At the direction of Versher, Thrash drove them about five miles out the San Augustine highway, and both Versher and appellant got out and "rolled the tires out in the woods," as Thrash testified. He brought the boys back to town and in about an hour they again came to witness and said they wanted to go back to the place where they had left the tires. Witness drove them back out there where both Versher and appellant again got out and rolled the tires back into witness' cab. Witness then drove the parties back to town and to Sandlin's parking lot. It was then near nine o'clock in the morning. Versher talked to Sandlin and sold

him the property. One wheel and tire were found on Mr. Sandlin's truck and the other wheel and tire found at his house, and were turned over by him to the owner.

The trial court submitted to the jury the issue whether Thrash was an accomplice witness. Appellant objected to the issue being submitted to the jury, insisting then by written exception to the charge, and urges here that the court should under Thrash's own evidence have told the jury as a matter of law that said witness was an accomplice witness. We find that upon cross-examination of Thrash he detailed at length the various trips made by him with Versher and appellant in his cab on the night in question, and said witness—notwithstanding the suspicious circumstances under which the property was being handled— steadfastly asserted that he did not think the property was stolen until they went back to get it. At this point the witness testified, "I didn't realize then that they must have been stolen, when they put them out in the woods. *When we went back and got them I thought they were stolen.*" Even after he reached that belated conclusion he permitted the use of his cab to haul the stolen property around, and aided Versher and appellant in delivering it to a purchaser. It is observed that Sandlin in his evidence fails to put appellant in any active relation to the stolen property. This witness avers that appellant never said a word on either of the two occasions when Versher was trying to sell witness the property, but on the contrary, says appellant on both occasions was on the back seat of the car either asleep or drunk. Thus it appears that any active connection of appellant with the stolen property is shown only by the evidence of Thrash. Under the circumstances here present we believe the court should have responded to appellant's exception to the charge and he should have told the jury that the witness Thrash was an accomplice witness as a matter of law. The case of King v. State, 135 Tex. Cr. R. 378, 120 S. W. (2d) 590, seems directly in point. "In the charge the court left it to the jury to determine whether the witness Hamilton was an accomplice. Appellant timely and properly excepted to the charge on the ground that the jury were not instructed that the witness was an accomplice as a matter of law. We are of opinion that the testimony in its entirety shows beyond dispute that the witness was an accomplice, According to his own version, he was interested in the sale of the stolen cow to the extent that he expected to receive at least a dollar from the proceeds of the sale. Knowing that the animal was stolen, he drove appellant and Jobie King to the home of Daniels, no doubt with the hope

that a sale would be consummated. He spoke no word to warn Daniels that appellant and his brother were endeavoring to sell him stolen property. In short, he actively aided appellant and Jobie King in their efforts to dispose of a cow he knew to have been stolen. * * * * The opinion is expressed that, in failing to respond to appellant's exception, the trial court fell into reversible error."

The court charged that if the jury found Thrash to be an accomplice witness they could not convict upon his testimony unless they believed beyond a reasonable doubt that it was true and *"connected"* the defendant with the commission of the offense charged, and even then they could not convict unless evidence of non-accomplice witnesses was "corroborative of the testimony of Thrash *'connecting'* the defendant with the Commission of the offense charged, and *if you have a reasonable doubt as to the truth of such testimony in case you find that Thrash was an accomplice or have a reasonable doubt thereof, you shall wholly disregard same."*

(a) That part of the charge italicized is unusual, and we think somewhat confusing, and does not conform to approved instructions on the subject of accomplice witnesses. (b) In regard to evidence of non-accomplice witnesses it is required to *"tend to connect"* an accused with the commission of the offense, and not that it "connects" him with it. In this regard the charge was more favorable to appellant than he was entitled to. The particular exception addressed to the charge as given was because the court did not tell the jury that the accomplice evidence if true must show that *"the defendant is guilty of the offense charged."* It would have been improper for the court to have so charged the jury in this case because the evidence of Thrash, if true, did not show appellant's guilt of the theft of the wheels and tires. The theft had been accomplished before Thrash came into the picture. Oates v. State, 67 Tex. Cr. R. 488, 149 S. W. 1194, was a case also where the accomplice witness did not make a complete case against accused but only "connected" him with the crime charged. The charge in that case has been many times approved except as to the use of the word "alone" as it appears therein, which word should be omitted. See Quinn v. State, 136 Tex. Cr. R. 131, 123 S. W. (2d) 890. In the latter case we reviewed the subject and undertook to point out approved charges where the accomplice witness made a complete case against accused and also where the evidence of the accomplice witness fell short of making a complete

case. We cannot add to what was there said. See also Anderson v. State, 95 Texas Cr. 346, 254 S. W. 986.

In view of another trial, if·the evidence should be substantially as here found, we suggest that in connection with a proper charge on accomplice testimony, the jury should also be told that from all the evidence they must believe beyond a reasonable doubt that appellant was guilty of the theft of the property.

The judgment is reversed and the cause remanded.