## RAY NEWSOM v. THE STATE.

No. 21944. Delivered February 18, 1942.
Rehearing Denied March 25, 1942.

The opinion states the case.

*J. K. Russell,* of Cleburne, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the theft of one chicken, and sentenced to serve one year in the penitentiary.

The State relied for a conviction herein upon circumstantial testimony. There was no testimony as to the actual taking of the chicken. The only connection shown of the appellant with the theft is the statement of W. I. Finley, a poultry dealer in Cleburne. Mr. Finley's testimony positively identifies appellant as the man who sold him the chickens, one of which was later identified as the property of the complaining witness, and all the remaining chickens fairly well identified themselves by their behavior when turned loose on their accustomed range. There is but one bill of exceptions, and that was unneces-

sary. That bill is concerned with the failure of the trial court to charge the jury: (1) that the witness Finley was an accomplice, or (2) failing to submit to the jury the question of such witness accompliceship. There are two special requested charges embodying such ideas, 1 and 2 above. The trial court refused them both, and his refusal was excepted to at the proper time.

Mr. Finley testified, among other things:

"He said, 'Well, I believe I will just sell 'em to you;' and he commenced taking them out of the car, and I noticed then when we begin to take 'em in, the sack was wet; and I said something about it; he says, 'We'll make that all right.' But when we went in the lot, I got more suspicious, further I got; because the sack was wet; and I weighed them up and paid him, after I figured it out. I asked him where he lived, and he said he lived on the edge of the cross timbers in the sand; I figured the poultry up and paid him in money; and if my memory serves me right,—it was nine dollars and thirty—Mister Newsom says, 'We'll just make it 'thirty-five'; and I says I will pay you all I owe you,' and I paid him—and walked out of the door, and I followed him out to the car, because I was suspicious from when I got into the lot, and picked the sack up and lifted the lid in the back and put 'em back in the car, in order to get his car number. I got his car number and wrote it on the wall of my building,—well, after we completed it, I wrote it down. * * * When I bought those chickens, as to my believing at that time, that they were stolen, I was uneasy. I thought they was hot after I went in and made the contract but I went on and bought 'em and paid for 'em; and as to believing that they were hot or stolen, I thought so, after we got 'em in the house."

This is the only person who placed appellant in anyway in possession of these recently stolen chickens, and we are of the opinion that the first requested charge denominating Finley as an accomplice should have been given.

On account of the trial court's failure to thus charge the jury, this judgment is reversed and the cause remanded.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed an elaborate motion for rehearing in

which it contends that we erred in holding the State's witness Finley to be an accomplice as a matter of law. We have again reviewed his testimony, the material and pertinent parts of which are correctly set out in the original opinion, and are firmly convinced that Finley, by his testimony, has shown himself to be an accomplice as a matter of law.

In the case of Johnson v. State, 58 Tex. Cr. R. 244, a question similar to the one under consideration was presented. In that case it appears that some one burglarized a house belonging to J. A. Potts and took therefrom a harness, which was sold to Henry McCormick for the sum of $2.00. McCormick later sold the harness to Sam Johnson. McCormick testified that at the time he bought the harness for $2.00 he knew that it was a $25.00 or $30.00 set of harness; that he did not ask the party where he got the harness. He also testified that he had been working for the Woodward Carriage Company for quite a number of years and was familiar with the value of harness of the kind and character in question; that Mr. Woodward sold such harness for $25.00 or $30.00. He denied, however, that he knew at the time he purchased the harness that it was stolen. The court held that the question as to whether McCormick was an accomplice should have been submitted to the jury even though he denied that he knew the harness was stolen.

In the instant case, Finley said he became suspicious that the chickens were "hot" and thought that they had been stolen. If he knew or thought that the chickens had been stolen but notwithstanding such knowledge he purchased them, he would be guilty of receiving stolen property and was an accomplice as a matter of law. See Cummings v. State; 87 Tex. Cr. R. 154; Chandler v. State, 89 Tex. Cr. R. 303, 231 S. W. 107.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.