**Robert Neal CRAIG, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 45389.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

Rehearing Denied Jan. 17, 1973.

Wayne Bagley, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is attemped burglary: with two prior noncapital convictions alleged for enhancement; the punishment, life.

Appellant's first ground of error is the contention that a fatal variance exists between the attempted burglary allegation in the indictment and the proof which showed a consummated burglary. The record contains a picture of the aperture made in the roof of the building in question, but scant description of such aperture. It is not contended that the appellant actually entered the building. It would appear from the picture that the outer shell of the roof of the building was punctured but that the paneling below was not disturbed.

We conclude that attempted burglary and not consummated burglary has been shown.

Cf. Russell v. State, Tex.Cr.App., 255 S.W. 2d 881, and Flores v. State, Tex.Cr.App., 472 S.W.2d 146.

Ground of error number two relates to alleged proof of the conduct of appellant while under arrest. The clothing appellant wore at the time of his arrest was introduced in evidence without objection. Officer Jackie Williams, one of the arresting officers, then testified, over objection, that the yellow gloves which he saw appellant wearing at the time of his arrest were later found in the trash can in the booking room at the police station after the appellant had been there. Appellant claims the State did not prove appellant threw the gloves away and that Williams' testimony alludes to possible conduct of the appellant while under arrest without showing compliance with Article 38.22, Vernon's Ann.C. C.P. We do not construe Williams' testimony as proof of appellant's conduct while under arrest. Even if it did, we are cited no authority holding the same as reversible error.

Appellant's third ground of error is that the evidence is insufficient to support the conviction. Officers had the appellant under surveillance. They saw him leave the home of one Ray by the back door at approximately 3:00 a. m. As he did so the officers saw him reach down and pick up a "crowbar". A short time thereafter officers heard a noise, "a chopping, kind of a loud clunk sound, and followed by a cutting or snipping sound coming from the area of McClendons' Store". Immediately thereafter appellant was arrested in the alley near the store. When the roof of the store was examined the officers found a crowbar, a hand ax and tin snips neatly piled near the forced hole in the outer roof.

These facts when considered with the appellant's efforts to rid himself of the incriminating gloves he was wearing at the time of his arrest constitute sufficient evidence to support the conviction for attempted burglary.

Appellant's reliance on Ysasaga v. State, Tex.Cr.App., 444 S.W.2d 305, is misplaced. The holding in Ysasaga, supra, was predicated upon the failure of the State at trial to call or account for the absence of a "Spanish boy" who had information which would have cast additional light on the facts available to the prosecution. In the case at bar the unknown "hippie" who was near the scene of the attempted burglary was not shown to possess any such information. Further, the "breaking" noise continued after the "hippie" was removed from the area. The evidence is clear that he was a mere passerby and had no connection with the burglary.

Appellant's last ground of error is that one of the prior convictions relied on for enhancement was void. He claims the sentence in that case was improperly entered because it did not reflect the enhancement alleged in that indictment. However, the judgment in that case does not reflect that the enhancement allegations were successfully used. No error is reflected.

Finding no reversible error, the judgment is affirmed.