TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00817-CR






Carlos Reyna, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0984056, HONORABLE TOM BLACKWELL, JUDGE PRESIDING







 Appellant Carlos Reyna was convicted of theft of more than $1,500 but less than
$20,000, a state jail felony. See Tex. Penal Code Ann. § 31.03(e)(4) (West Supp. 2000). He was
sentenced to two years in state jail. On appeal, appellant complains in four issues that the trial
court erred by basing his conviction on the testimony of an accomplice witness without requiring
corroboration of that testimony. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 In February 1998, David Monroe called Austin police to report that his 1992
Chevrolet GMC van had been stolen from the street in front of his home during the night. On
March 3, a Travis County deputy sheriff found a similar van abandoned on a Del Valle street, and
Austin Police Officer Rudy Woods was summoned to help with the investigation. The van had
been stripped of its motor, transmission, and other parts. By checking the vehicle identification
number, Woods and his partner confirmed that the recovered van was the same van stolen from
Monroe.

 Acting on a hunch that the van might have been abandoned close to where it had
been stripped, the officers canvassed the neighborhood looking for clues in the streets and yards. 
They spotted what Woods recognized as a van engine hanging from an engine hoist in a yard less
than a mile from where the stolen van had been recovered. As the officers stopped their car, they
were approached by Tony Ancira, a resident of the house. He told them that the engine had been
taken from the vehicle of a friend. He let the officers look at the engine more closely, and they
were able to obtain a serial number from the engine that showed it had been taken from the stolen
van. Other parts from the van were also recovered from the Ancira house. Tony Ancira
accompanied the officers to police headquarters to give them a statement.

 While they were still at the police department with Tony Ancira, Woods received
a phone call from Cecilio Ancira, Tony's brother, who offered to provide information about the
stolen van. Woods went back to the Ancira house to take his statement. Cecilio told the officers
that his brother and appellant, along with appellant's brother, had brought the van to the Ancira
house one evening around March 3rd and stripped it. Cecilio accepted their offer to buy the van's
engine for $40 even though he acknowledged he knew the van had probably been stolen. (1)

 Based on the recovered van parts and the information provided by Cecilio, Tony
Ancira and appellant were charged with theft of the van. Tony jumped bond, and his whereabouts
were unknown at the time of appellant's trial. Appellant's case was tried to the court, and at trial
the State presented the testimony of Woods, van owner Monroe, and Cecilio Ancira. In closing
arguments, appellant's counsel urged that Cecilio was an accomplice and that, without
corroboration of his testimony, there was insufficient evidence to convict appellant. Appellant
was found guilty of theft of the van and was sentenced to two years in state jail.


DISCUSSION

 In four issues on appeal, appellant complains that (1) the trial court erred in finding
that Cecilio was not an accomplice witness as a matter of law; (2) the evidence is legally
insufficient to support the verdict because the testimony of the accomplice witness was not
sufficiently corroborated; (3) the court erred in ruling that Texas Rule of Evidence 801(e)(2) does
not require corroboration of Cecilio's testimony; and (4) there is legally insufficient evidence to
support appellant's conviction. We will first address issue one to determine whether Cecilio was
an accomplice witness as a matter of law.

 The Code of Criminal Procedure provides: "A conviction cannot be had upon the
testimony of an accomplice unless corroborated by other evidence tending to connect the defendant
with the offense committed; and the corroboration is not sufficient if it merely shows the
commission of the offense." Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979). The rule
reflects a general mistrust of accomplice testimony on the theory that an accomplice may hope to
save himself from punishment if he assists the State in convicting a partner in crime. Thus, the
rule requiring corroborating testimony is intended to minimize the danger that an accomplice's
self-interest might motivate him to falsely implicate others in his crime in order to deflect blame
and punishment from himself. See Bingham v. State, 913 S.W.2d 208, 211 (Tex. Crim. App.
1995) (quoting 7 Wigmore on Evidence § 2057 at 417 (Chadbourn rev. 1978)).

 An accomplice witness is one who can be prosecuted for the same offense with
which the accused is charged. See Creel v. State, 754 S.W.2d 205, 213 (Tex. Crim. App. 1988);
Gamez v. State, 737 S.W.2d 315, 322 (Tex. Crim. App. 1987). Thus, the test to be applied is
whether a purported accomplice could be prosecuted under the same indictment by which the
accused was charged. See Gamez, 737 S.W.2d at 322. A witness is not deemed an accomplice
witness merely because he failed to disclose the commission of the offense to law enforcement
officials or even because he concealed it. See Creel, 754 S.W.2d at 213; Gamez, 737 S.W.2d at
322. Nor does a witness's complicity with the accused in the commission of a different, but
related, offense make him an accomplice to the crime for which the accused is on trial. See Creel,
754 S.W.2d at 213; Gamez, 737 S.W.2d at 322.

 In the present case, appellant was accused of theft of the van. The indictment
alleged that on or about March 3, 1998 appellant "appropriate[d], by acquiring and otherwise
exercising control over, property, namely, a motor vehicle, of the value of $1500 or more but less
than $20,000, from David Monroe, the owner thereof, without the effective consent of the owner
and with intent to deprive the owner of the property. . . ." The indictment mirrors the language
found in Penal Code section 31.03, which defines the crime of theft. See Penal Code § 31.03. (2)

 Appellant relies on a string of older cases holding that a witness who purchases
stolen property, which he knew or should have known was stolen, is an accomplice witness to the
principal theft as a matter of law. See, e.g., Newsom v. State, 159 S.W.2d 883, 884 (Tex. Crim.
App. 1942) (op. on reh'g) (man purchasing chickens he knew or suspected were stolen was guilty
of receiving stolen property and so was accomplice as matter of law); Johnson v. State, 125 S.W.
16, 18 (Tex. Crim. App. 1910) (man who purchased harness suspecting it was stolen was
accomplice to theft of harness); Walker v. State, 37 S.W. 423, 423 (Tex. Crim. App. 1886) (man
receiving meat of cow he knew was stolen, even though he did not participate in original taking,
was accomplice to theft of cow). Indeed, Texas was formerly in the minority of states holding
that prosecution witnesses who knowingly received stolen property were accomplices whose
testimony required corroboration in a trial of the principal offender for theft. See Annotation,
Receiver of Stolen Goods as Accomplice of Thief for Purposes of Corroboration, 74 A.L.R.3d 560
(1976). The cases cited by appellant have not been expressly overruled, but the rule deeming
receivers of stolen property accomplice witnesses for purposes of corroboration has not been
relied on in recent years. See id. § 8 (most recent Texas case cited for this proposition is Johnson
v. State, 502 S.W.2d 761 (Tex. Crim. App. 1973)). This is because the rule has been effectively
abrogated by statute.

 Before 1974, Texas law provided that an "accessory" to a crime was one whose
participation in an offense occurred after its commission. See Singletary v. State, 509 S.W.2d
572, 576 (Tex. Crim. App. 1974) (quoting Gonzales v. State, 171 S.W. 1146 (Tex. Crim. App.
1914)) ("To constitute one an accessory in this state his participation in the crime and acts must
all have occurred subsequent to the commission of the offense."). The older cases held that the
receiver of stolen goods was an accomplice witness because he was deemed an accessory to the
theft. See Johnson, 125 S.W. at 18 (quoting Walker, 37 S.W. at 423) ("The question is, did this
testimony tend to connect this witness with the crime as an accessory?"). In 1974, the legislature
revised the Penal Code, and under the new section 7.02 an accessory is no longer recognized in
Texas as a party to the crime with which the accused is charged. See Easter v. State, 536 S.W.2d
223, 228 (Tex. Crim. App. 1976); Texas Penal Code, 63d Leg., R.S., ch. 399, sec. 1, § 7.02,
1973 Tex. Gen. Laws 883, 894 (Tex. Penal Code § 7.02, since amended). Instead, the legislative 
created a separate and distinct offense of hindering apprehension or prosecution. See Easter, 536
S.W.2d at 228-29. Thus, an accessory to a crime cannot be an accomplice witness whose
testimony is required to be corroborated under the accomplice witness rule. See id. at 229. The
implication of the Easter holding is that a receiver of stolen goods--who was formerly deemed an
accessory to, and thus chargeable with, the principal theft--is no longer an accomplice witness for
purposes of corroboration. We believe that the 1974 Penal Code revision moved Texas into the
majority of jurisdictions holding that a knowing receiver of stolen property is not ordinarily an
accomplice of the original thief for purposes of requiring corroboration of testimony at the trial
of the thief. (3)

 This brings us to the modern rule for identifying whether a witness is an accomplice
witness for evidentiary purposes: whether a purported accomplice could be prosecuted under the
same indictment by which the accused was charged. See Gamez, 737 S.W.2d at 322. In the
present case, appellant was charged with theft of "a motor vehicle" in the indictment. Cecilio's
testimony reflects that he had no prior knowledge of the theft of the van and was not a party to
the theft of the entire vehicle. There is no evidence to the contrary. Receipt of stolen property
is included in the scope of the Penal Code's theft statute, but by purchasing the engine when he
suspected the van had been stolen, Cecilio is chargeable only with theft of the engine subsequent
to the original theft of the van. See Tex. Penal Code Ann. §§ 31.02, .03 (West 1994 & Supp.
2000). That crime, however, is separate and distinct from the crime with which appellant was
charged. "If a witness has no complicity in the offense for which an accused is on trial, his or
her testimony is not that of an accomplice witness whatever may have been his complicity with
the accused in the commission of other offenses." Harris v. State, 738 S.W.2d 207, 215 (Tex.
Crim. App. 1986); see Easter, 536 S.W.2d at 223.

 Accordingly, we hold that the trial court did not err in refusing to require
corroboration of Cecilio's testimony. Appellant's first issue on appeal is overruled. Because we
hold that Cecilio was not an accomplice witness as a matter of law, we do not reach appellant's
second and third issues, in which he complains that the Code of Criminal Procedure and the Rules
of Evidence require corroboration of an accomplice witness's testimony.

 In his fourth issue on appeal, appellant argues that "the evidence is legally
insufficient, even if the court rules against the appellant in issue number three, because there is
insufficient evidence to convict the appellant beyond a reasonable doubt." (Emphasis added.) 
Because he made this issue contingent on a negative result in his third issue--an issue we do not
reach--appellant is arguably not entitled to review of this point. Both parties, however, treat this
point as a standard legal sufficiency challenge and address it independent of appellant's arguments
in issue three. In the interest of justice, therefore, we will address the legal sufficiency of the
evidence.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887
S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence should be
resolved in favor of the verdict. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). This standard of review is the same for both direct and circumstantial evidence. See
Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

 Reviewing the evidence in the light most favorable to the verdict, the testimony at
trial showed that a 1992 Chevrolet GMC van was stolen in February 1998 and found by police
stripped and abandoned on a Del Valle street on March 3, 1998. Just before the stripped van was
found, appellant drove the van to the Ancira house where he, his brother, and Tony Ancira
proceeded to remove its engine and other parts. They asked Cecilio Ancira if he wanted to
purchase the engine, and he paid them $40 for it. The engine was spotted in front of the Ancira
house on March 3 while police were investigating the theft of the van. We hold that a rational
trier of fact could have found beyond a reasonable doubt that appellant stole the van he was seen
driving and stripping. The evidence is legally sufficient to support his conviction, and we
overrule his fourth issue.


CONCLUSION

 We hold that Cecilio Ancira, who testified that appellant sold him the engine from
the van appellant was convicted of stealing, was not an accomplice witness as a matter of law. 
Thus, even if his status as an accomplice was a matter of fact, we must presume that the trial court
found him not to have been an accomplice. See Ice v. State, 914 S.W.2d 694, 695-96 (Tex.
App.--Fort Worth 1996, no pet.). Accordingly, Cecilio's testimony did not require corroboration
to support appellant's conviction. We further hold that the evidence is legally sufficient to support
appellant's conviction. The trial court's judgment is affirmed.



 
 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 29, 2000

Publish

1. Cecilio's statement to Woods and his testimony at trial conflicted on whether he paid the $40
to his brother or to appellant.
2. Section 31.03 also modifies the traditional accomplice witness rule by providing that "the
testimony of an accomplice shall be corroborated by proof that tends to connect the actor to the
crime, but the actor's knowledge or intent may be established by the uncorroborated testimony
of the accomplice." Penal Code § 31.03(c)(2).
3. Even those jurisdictions that do not require corroboration of the testimony of one who
receives stolen property generally recognize an exception when the receiver has engaged in a
conspiracy with the thief prior to the theft and the receiver promises to buy what the thief steals. 
See Annotation, Receiver of Stolen Goods as Accomplice of Thief for Purposes of
Corroboration, 74 A.L.R.3d 560 § 2 (1976). There is no evidence of such a conspiracy here.


23.

 Accordingly, we hold that the trial court did not err in refusing to require
corroboration of Cecilio's testimony. Appellant's first issue on appeal is overruled. Because we
hold that Cecilio was not an accomplice witness as a matter of law, we do not reach appellant's
second and third issues, in which he complains that the Code of Criminal Procedure and the Rules
of Evidence require corroboration of an accomplice witness's testimony.

 In his fourth issue on appeal, appellant argues that "the evidence is legally
insufficient, even if the court rules against the appellant in issue number three, because there is
insufficient evidence to convict the appellant beyond a reasonable doubt." (Emphasis added.) 
Because he made this issue contingent on a negative result in his third issue--an issue we do not
reach--appellant is arguably not entitled to review of this point. Both parties, however, treat this
point as a standard legal sufficiency challenge and address it independent of appellant's arguments
in issue three. In the interest of justice, therefore, we will address the legal sufficiency of the
evidence.

 In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to
the verdict, any rational trier of fact could have found the essential elements of the offense beyond
a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887
S.W.2d 885, 888 (Tex. Crim. App. 1994). Any inconsistencies in the evidence should be
resolved in favor of the verdict. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). This standard of review is the same for both direct and circumstantial evidence. See
Green v. State, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992).

 Reviewing the evidence in the light most favorable to the verdict, the testimony at
trial showed that a 1992 Chevrolet GMC van was stolen in February 1998 and found by police
stripped an