Opinion issued September 28, 2006





     




 In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00925-CR
____________

ERIC LOERA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1005427




MEMORANDUM OPINION

          A jury convicted appellant, Eric Loera, of aggravated robbery and assessed
punishment at 15 years in prison. See Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon
2003). We determine whether the evidence was legally sufficient to show that
appellant was a party to the crime of aggravated robbery. We affirm.
Facts
          On October 28, 2004, Raphael Marenco left his job at the Taco Cabana at about
11:00 p.m. and headed home. He was unfamiliar with the area because it was his first
day working there, and he quickly became lost. He pulled into a gas station and asked
a young man for directions. That man, appellant, told Marenco that he knew the area
where Marenco lived and would help him get home if Marenco would give him a ride. 
As soon as Marenco agreed, appellant told his friend, Carlos Roman, to get into the
truck. The two men directed Marenco to a poorly lit, uninhabited area. Realizing that
this was not the right way, Marenco turned around and went back to the gas station. 
Roman put five dollars’ worth of gas into Marenco’s truck, and the three continued on
their way. This time, Roman and appellant told Marenco to drive into an apartment
complex parking lot. After Marenco parked the truck, Roman exited the vehicle, came
around to the driver’s side, and pulled out a gun. He then demanded that Marenco get
out of the truck and give him his money, wallet, and watch. During this time,
appellant remained inside the truck and rummaged through Marenco’s things. When
Roman was satisfied that he had gotten everything from Marenco, he told Marenco to
start walking; he and appellant then drove away in the truck.
          Marenco walked to an apartment complex, found an off-duty police officer, Pam
Slater, and relayed what had just happened. Officer Slater notified the dispatcher of
the incident and requested an officer to come to the scene. Officers Belonoski and
Holloway, from the Houston Police Department, responded. Officer Belonoski
remained at the apartment complex to talk to Marenco, while Officer Holloway went
to look for the stolen truck in the area. After just a few minutes, Officer Holloway
notified Officer Belonoski that he had possibly found the vehicle, and Officer
Belonoski went to the site. When Officer Belonoski got there, the truck sped away,
and a high-speed chase ensued. The chase ended when Roman, the driver of the stolen
truck, made a sharp turn and lost control of the vehicle. The truck landed in a ditch,
and the officers were then able to take Roman into custody. Appellant, however,
jumped out of the vehicle and began running from the police officers. Officer
Holloway chased him on foot and finally caught him about 40 feet away. Appellant
was wearing Marenco’s watch when he was captured.
          Shortly after the police had apprehended the suspects, a police unit picked up
Marenco from the apartment complex and brought him to the scene. Marenco was
asked if any of the men in custody had been involved in the robbery earlier that night. 
A flashlight was shone on the faces of the men, and Marenco positively identified
Roman and appellant as those who had robbed him. Marenco stated that a third man
in the truck, who evidently had been picked up after Marenco had been forced from
the vehicle, had not been present during the robbery.
Sufficiency of the Evidence
          In his sole point of error, appellant contends that the evidence was legally
insufficient to prove that he committed aggravated robbery because the evidence
showed “mere presence” and did not establish that he was a party to the crime.
A. The Standard of Review
          In reviewing a legal-sufficiency challenge, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). Although a legal-sufficiency analysis entails a consideration of all
evidence presented at trial, an appellate court may neither re-weigh the evidence nor
substitute its judgment for the jury’s. King, 29 S.W.3d at 562. The fact finder is
entitled to believe all, some, or none of any witness’s testimony. Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).
B. The Law       
          The indictment alleged that appellant had committed the offense of aggravated
robbery. A person commits aggravated robbery, as the jury was charged here, if he
commits robbery and uses or exhibits a deadly weapon. See Tex. Pen. Code Ann.
§ 29.03(a)(2) (Vernon 2003). Under the charge given here, a person is guilty of 
robbery if, while in the course of committing theft, and with intent to obtain or to
maintain control of the property, he intentionally or knowingly threatens or places
another in fear of imminent bodily injury or death. Id. § 29.02(a)(2). A person
commits theft if he unlawfully appropriates property with intent to deprive the owner
of property. Id. § 31.03(a) (Vernon Supp. 2005). 
          Under the law of parties upon which the jury was instructed, a person is
criminally responsible for the conduct of another if, “acting with intent to promote or
assist the commission of the offense, he solicits, encourages, directs, aids, or attempts
to aid the other person to commit the offense.” Id. § 7.02(a)(2) (Vernon 2003). The
evidence must show that, at the time of the offense, the parties were acting together,
each contributing some part toward the execution of their common purpose. See
Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). In determining
whether a defendant participated in an offense as a party, the fact finder may examine
the events occurring before, during, and after the commission of the offense and may
rely on actions of the defendant that show an understanding and common design to
commit the offense. Id. An accused’s mental state may be inferred and proven
circumstantially from acts or surrounding circumstances. See Ledesma v. State, 677
S.W.2d 529, 531 (Tex. Crim. App. 1984).
 
C. Analysis
          Appellant was convicted of aggravated robbery under the law of parties. For
this conviction to be upheld, the evidence below must have shown that appellant
“acting with intent to promote or assist the commission of the offense,” 
“encourage[d], . . . aid[ed], or attempt[ed] to aid” Roman in robbing Marenco. See
Tex. Pen. Code Ann. § 7.02 (a)(2). Appellant’s mere presence at the scene of the
offense would not alone have sufficed to support his conviction. However, his
presence is a circumstance tending to prove guilt, which, combined with other facts,
may suffice to show that appellant was a participant. See Valdez v. State, 623 S.W.2d
317, 321 (Tex. Crim. App. 1979). The State presented evidence of such additional
facts. Marenco testified that appellant asked him for a ride and then invited Roman
to join. Thus, appellant provided Roman the opportunity to rob Marenco. Further,
when Roman exited the vehicle and began threatening Marenco with the gun and
robbing him, appellant remained in the truck searching through Marenco’s property. 
Appellant’s flight on foot after the truck went into the ditch is also a circumstance
showing appellant’s guilt. See Ysasaga v. State, 444 S.W. 2d 305, 308 (Tex. Crim.
App. 1969), overruled on other grounds, 711 S.W.2d 240 (Tex. Crim. App. 1986),
          From the time that the two men climbed into Marenco’s truck until the robbery
was over, appellant did not say a single word to Marenco or to Roman. Appellant
contends that this is proof that he was not acting with Roman because he never
threatened Marenco or asked him for any of his possessions. However, a rational jury
could have inferred that appellant’s silence was a sign of his guilt in that he never
helped Marenco, either. Additionally, appellant could have told Roman to stop what
he was doing, but he did not. And when Roman began robbing Marenco, appellant
began searching Marenco’s vehicle for more things that he could take. When
appellant was caught, Marenco’s watch was recovered from his person. Finally,
appellant fled the scene when the stolen truck crashed into the ditch. Although flight
alone will not support a guilty verdict, evidence of flight from a crime scene is a
circumstance from which an inference of guilt may be drawn. See Valdez, 623 S.W.2d
at 321; Ysasaga, 444 S.W.2d at 308. A rational juror could have found all of this
testimony sufficient to establish that appellant’s intent was to aid Roman and, as such,
he was a party to the offense. See Valdez, 623 S.W.2d at 321.
           Viewing the evidence in the light most favorable to the verdict, a rational jury
could have inferred from this evidence that appellant, “acting with intent to promote
or assist the commission of” the aggravated robbery, “encourage[d], . . . aid[ed], or
attempt[ed] to aid” Roman in carrying out the crime. See Tex. Pen. Code Ann.
§ 7.02(a)(2). Therefore, we overrule appellant’s sole point of error. 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
Tim Taft

Justice

 
Panel consists of Justices Taft, Keyes, and Hanks.

 
Do not publish. See tex. R. App. P. 47.2 (b).